1  Silvano B. Marchesi, SBN 42965
   County Counsel
2  Keiko Kobayashi, SBN 181692
   Deputy County Counsel
3  Office of the County Counsel
   651 Pine Street, 9th Floor
4  Martinez, CA 94553
   Telephone: (925) 335-1800
5  Facsimile: (925) 335-1866

6  Attorneys for
7  The Housing Authority of the County of Contra Costa (HACCC)

8  Brad Seligman (SBN 083838)
   Jocelyn D. Larkin (SBN 110817)
9  IMPACT FUND
   125 University Ave., Suite 102
10 Berkeley, CA 94710
   Telephone: (510) 845-3473
11 Facsimile: (510) 845-3654

12 Attorneys for Plaintiffs

13

14                 UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16

17  SANTEYA DANYELL WILLIAMS, et al.        No.  C 08-02301 SBA

18              Plaintiffs,                 ORDER ENTERING
19                                          STIPULATED PROTECTIVE ORDER
          vs.
20

21  CITY OF ANTIOCH,
22              Defendant.
23

24  1.  PURPOSES AND LIMITATIONS

25      Disclosure activity in this action is likely to involve production of confidential,

26  proprietary, or private information for which special protection from public disclosure

27  and from use for any purpose other than prosecuting this litigation would be warranted.

28

---

STIPULATED PROTECTIVE ORDER -- C 08 02301 SBA

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 11, below (FILING PROTECTED MATERIAL), that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.4 Professional Vendors: persons or entities that provide litigation support services (e.g.,photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.5 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.6 Receiving Party: a Party that receives Disclosure or Discovery Material from a

STIPULATED PROTECTIVE ORDER – C 08 02301 SBA

Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Producing Party agrees otherwise in writing or a court order otherwise directs.

5.  DISCLOSURE ARRANGEMENT

5.1   Producing Party produced records to the following categories on November 26, 2008:

(a)   Records that reflect the racial or ethnic characteristics of the Section 8 tenants or households residing in Antioch about whom the Antioch Police Department or Antioch NIS submitted or transmitted a request for information, police report, or referral to HACCC. (Request No. 6 on the Subpoena).

(b)   Records of any meeting between HACCC and the City of Antioch, including the Antioch Police Department and the Antioch NIS, including minutes, agendas, reports, and hearings. (Request No. 7 on the Subpoena).

(c)   Records (including Power Point presentations or minutes) of any public meeting or presentations (including those to HACCC Commissioners, to the Antioch City Council or other body, or at any community forums) where Antioch Section 8 demographics, including alleged criminal conduct or

racial characteristics, were discussed. (Request No. 8 on the Subpoena).

(d)   Documents that relate to proposed memorandum of understanding ("MOU") or guidelines between HACCC and the Antioch Police Department or the Antioch NIS. (Request No. 11 on the Subpoena).

(e)   Statistical summaries regarding the characteristics of recipients of Section 8 vouchers in Antioch, including racial or ethnic characteristics, termination, police contact, and geographic distribution. (Request No. 12 on the Subpoena).

(f)   Policy and procedures regarding termination of Section 8 status and/or relationships with police departments. (Request No. 13 on the Subpoena).

(g)   Records regarding the following plaintiffs and disclosed class members in this action: Santeya Williams, Mary Scott, Karen Coleman, Pricilla Bunton, Alyce Payne, Kirbie Bell, Tonyia Carter, Lola Thomas, Tenica Holmes, Darnella Singleton, and Saieda Evans. (Request No. 22 on the Subpoena).

(h)   Communications with any other agency or individual about this lawsuit or the Public Advocates Report "Policing Low-Income African-American Families in Antioch" (December 18, 2007) (Request No. 23 on the Subpoena).

(i)   Responses to any Public Records Act requests regarding the Antioch Section 8 voucher program. (Request No. 24 on the Subpoena).

(j)   Documents that indicate what data regarding Antioch Section 8 participants is maintained in electronic form, whether in active or archived state. (Request No. 25 on the Subpoena).

5.2   Producing Party will produce the following Protected Materials pursuant to this Protective Order:

(a) Communications between the Housing Authority of the County of Contra Costa and the City of Antioch (including its police department) or any other group or persons reflecting attempts by any of them to obtain the identity and/or addresses of persons or families participating in the Section 8 Housing Choice Voucher Program.   (Request No. 1 on the Subpoena).

(b) Requests for information regarding Section 8 tenants, households, or properties in Antioch submitted or transmitted to HACCC from the Antioch Police Department or the Antioch NIS, HACCC's responses to such requests, and all records that reflect or refer to any such requests or responses. (Request No. 3 on the Subpoena).

(c) Records that reflect any referral submitted or transmitted by the Antioch Police Department or the Antioch NIS to HACCC, pertaining to any tenant, household, or property participating in the Section 8 voucher program. (Request No. 4 on the Subpoena).

(d) Police reports submitted or transmitted to HACCC by the Antioch Police Department pertaining to any tenant, household, or property participating in the Section 8 Program, and all records that reflect or refer to any such reports.   (Request No. 5 on the Subpoena).

(e) Communications to or from any community groups including United Citizens for Better Neighborhoods, Neighborhood Watch, the Chamber of Commerce or any member of such groups regarding the Antioch Section 8 program or any of its beneficiaries. (Request No. 9 on the Subpoena).

(f) Communications to or from landlords regarding Antioch police conduct relating to Section 8 households residing in Antioch. (Request No. 10 on the Subpoena).

STIPULATED PROTECTIVE ORDER – C 08 02301 SBA

5.3 Producing Party will produce the following Protected Materials pursuant to this Protective Order, only if they pertain to materials submitted, transmitted or requested by the City of Antioch or the Antioch Police Department, and excluding all records, other than those for plaintiffs and class members whose release has been or will be provided, that reflect any testimony given by an Antioch police officer or employee of Antioch NIS at any termination or other administrative hearing regarding an Antioch Section 8 voucher holder:

(a) Correspondence or other communications between HACCC and the Antioch Police Department or Antioch Neighborhood Improvement Services ("NIS"), and all records that reflect or refer to any such correspondence or communications. (Request No. 2 on the Subpoena).

(b) Records of appearance by an Antioch police officer or employee of Antioch NIS at any termination hearing regarding an Antioch Section 8 voucher holder. (Request No. 14 on the Subpoena).

(c) Communications with the Antioch Police Department or Antioch NIS regarding any Section 8 termination hearing or proceeding. (Request No. 16 on the Subpoena).

(d) Notices of termination of Section 8 assistance issued with respect to any Section 8 tenant residing in Antioch, and all records that reflect or refer to any such notices.   (Request No. 17 on the Subpoena).

(e) All decisions by HACCC on the issue of whether to terminate the Section 8 voucher of any Section 8 tenant residing in Antioch, and all records that reflect or refer to any such decision. (Request No. 18 on the Subpoena).

(f) Records that reflect the racial or ethnic characteristics of Section 8 tenants residing in Antioch whose vouchers were terminated based, in whole or in part, on a police report or referral submitted or transmitted to HACCC by,

or testimony given by, the Antioch Police Department or Antioch NIS in 2004, 2005, 2006, 2007, and 2008 to date.   (Request No. 19 on the Subpoena).

(g)   Records that reflect the annual number of Section 8 tenants residing in Antioch whose Section 8 vouchers were terminated in 2004, 2005, 2006, 2007, and 2008 to date.   (Request No. 20 on the Subpoena).

(h)   Records that reflect the racial or ethnic characteristics of Section 8 tenants residing in Antioch whose Section 8 vouchers were terminated in 2004, 2005, 2006, 2007, and 2008 to date.   (Request No. 21 on the Subpoena).

(i)   The names, addresses and race of all persons who have held Section 8 vouchers in Antioch at any time since January 1, 2004.   (Request No. 26 on the Subpoena).

(j)   Electronic files containing the name, address, race, and Section 8 voucher history (including termination) of any person who received a Section 8 voucher in Antioch at any time since January 1, 2004.   (Request No. 27 on the Subpoena).

5.4   Receiving Party reserves the right, after receiving the protected materials specified in Sections 5.2 and 5.3 above, to seek the remaining items in the Subpoena.  If Receiving Party wants the additional information, Receiving Party must notify Producing Party within 30 calendar days of receipt of the Protected Materials.  Receiving Party shall confer directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Producing Party.  If the Receiving Party and the Producing Party are unable to agree on a production arrangement, Producing Party may move for a Motion for a Protective Order.

6. DESIGNATING PROTECTED MATERIAL

6.1   Exercise of Restraint and Care in Designating Material for Protection.   Each

party or non-party that designates information or items for protection under this

Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards.   The Producing Party must take care to

designate for protection only those parts of material, documents, items, or oral or

written communications that qualify - so that other portions of the material,

documents, items, or communications for which protection is not warranted are

not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.

Designations that are shown to be clearly unjustified, or that have been made for

an improper purpose (e.g. to unnecessarily encumber or retard the case

development process, or to impose unnecessary expenses and burdens on the

other parties), expose the Producing party to sanctions.

If it comes to a party or a non-party's attention that information or items

that it designated for protection do not qualify for protection at all, that party or

non-party must promptly notify all parties that it is withdrawing the mistaken

designation.

6.2   Manner and Timing of Designations. Except as otherwise provided in this Order,

or as otherwise stipulated or ordered, material that qualifies for protection under

this Order must be clearly so designated before the material is disclosed or

produced. Designation in conformity with this Order requires:

(a)   for information in documentary form, the Producing Party will affix the

legend "CONFIDENTIAL" at the top of each page that contains Protected

Material.   If only a portion or portions of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected

portion(s) (e.g., by making appropriate markings in the margins).

(b)  for information produced in some form other than documentary, and for any other tangible items, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL". If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

6.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1  Timing of Challenges.  Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2  Meet and Confer.  If the Receiving Party elects to initiate a challenge to the Producing Party's confidentiality designation, it must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Producing Party. In conferring, the Receiving Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  The Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3   Judicial Intervention. If the Receiving Party is not satisfied after considering the justification offered by the Producing Party, it may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Producing Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Producing Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

8.   ACCESS TO AND USE OF PROTECTED MATERIAL

8.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a

Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)   the Receiving Party's counsel of record in this action and support staff;

(b)   consultants and experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)   the Court and its personnel;

(d)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)   the author of the document or the source of the information, and the individual that received the document

(f)   individuals who are named or identified in the document, or whose family member or housemate is named in the document;

(g)   witnesses during their depositions to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Copies may be shown to witnesses during their deposition but not given to them before or after their deposition.

8.3.   Disclosure of Summaries or Redacted Information  Nothing in this Stipulation or Order shall preclude Receiving Party from disclosing summaries of documents or redacted documents provided confidential material is not disclosed.

9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED.

        If a Receiving Party is served with a subpoena or an order issued that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is subject to this Protective Order.  Documents designated as "CONFIDENTIAL" may be disclosed to Defendant's counsel provided it agrees to be bound by this Protective Order.  In no event shall any party or defense counsel disclose the names and addresses of Section 8 voucher holders in Antioch to the Antioch police department.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   FILING PROTECTED MATERIAL

        Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, the Receiving Party may not file in the public record in this action any Protected Material.

12.   FINAL DISPOSITION

        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, the Receiving Party must return all

Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form that includes any of the Protected Material.  With permission in writing from the Producing Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

13.   MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to
        seek its modification by the Court in the future.

///
///
///
///
///
///
///
///
///
///
///
///

1     13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

2          Order no Party waives any right to object to disclosing or producing any

3          information or item on any ground.  Similarly, no Party waives any right to

4          object on any ground to use in evidence of any of the material covered by this

5          Protective Order.

6   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7     DATED: __12/4/08__          SILVANO B. MARCHESI, COUNTY COUNSEL

8

9

10

11                       By: _Keiko Kobayashi_____

12                       KEIKO KOBAYASHI, Deputy County Counsel
                         Attorney for The Housing Authority of the County

13                       of Contra Costa

14    DATED: __12/4/08__         IMPACT FUND

15

16

17                       By: _____

18                       BRAD SELIGMAN
                         Attorney for Plaintiffs SANTEYA DANYELL

19                       WILLIAMS et. al.

20

21  PURSUANT TO STIPULATION, IT IS SO ORDERED.

22

23

24    DATED: __December 10, 2008__

25                    HON. _____

26                    United States District Court Judge

27                    ELIZABETH D. LAPORTE
                      United States Magistrate Judge

28

IT IS SO ORDERED

Judge Elizabeth D. Laporte

STIPULATED PROTECTIVE ORDER – C 08 02301 SBA

1
2
EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
3
I, _____ [print or type full name], of
4
_____ [print or type full address], declare under penalty of perjury that I
5
have read in its entirety and understand the Stipulated Protective Order that was issued by
6
the United States District Court for the Northern District of California on [date] in the
7
case of _____ [insert formal name of the case and the number and initials assigned
8
to it by the court].   I agree to comply with and to be bound by all the terms of this
9
Stipulated Protective Order and I understand and acknowledge that failure to so comply
10
could expose me to sanctions and punishment in the nature of contempt.  I solemnly
11
promise that I will not disclose in any manner any information or item that is subject to
12
this Stipulated Protective Order to any person or entity except in strict compliance with
13
the provisions of this Order.  I further agree to submit to the jurisdiction of the United
14
States District Court for the Northern District of California for the purpose of enforcing
15
the terms of this Stipulated Protective Order, even if such enforcement proceedings occur
16
after termination of this action.
17
I hereby appoint _____ [print or type full name] of
18
_____ [print or type full address and telephone
19
number] as my California agent for service of process in connection with this action or
20
any proceedings related to enforcement of this Stipulated Protective Order.
21
Date: _____
22
City and State where sworn and signed: _____
23
Printed name: _____
24
Signature: _____
25
26
27
28

STIPULATED PROTECTIVE ORDER – C 08 02301 SBA

- 15 -