1  Impact Fund
   BRAD SELIGMAN (SBN 083838)
2  bseligman@impactfund.org
   JOCELYN D. LARKIN (SBN 110817)
3  JASON H. TARRICONE (SBN 247506)
   125 University Avenue, Suite 102
4  Berkeley, CA  94710
   Telephone:  510.845.3473
5  Facsimile:  510.845.3654

6  Bingham McCutchen LLP
   HAYWOOD S. GILLIAM, JR. (SBN 172732)
7  haywood.gilliam@bingham.com
   ABIGAIL CONZATTI NICHOLS (SBN 252452)
8  abigail.nichols@bingham.com
   Three Embarcadero Center
9  San Francisco, CA  94111-4067
   Telephone:  415.393.2000
10 Facsimile:  415.393.2286

11 Lawyers' Committee For Civil Rights of the San
   Francisco Bay Area
12 OREN M. SELLSTROM (SBN 161074)
   osellstrom@lccr.com
13 KENDRA FOX-DAVIS (SBN 248757)
   131 Steuart Street, Suite 400
14 San Francisco, CA  94105
   Telephone:  415.543.9444
15 Facsimile:  415.543.0296

American Civil Liberties Union
Foundation of Northern California
ALAN L. SCHLOSSER (SBN 49957)
aschlosser@aclunc.org
ANDRE I. SEGURA (SBN 247681)
asegura@aclunc.org
39 Drumm Street
San Francisco, CA  94111
Telephone:  415.621.2493
Facsimile:  415.255.8437

Public Advocates, Inc.
RICHARD A. MARCANTONIO (SBN 39619)
Rmarcantonio@publicadvocates.org
MICHELLE NATIVIDAD RODRIGUEZ
  (SBN 226683)
131 Steuart Street, Suite 300
San Francisco, CA  94105
Telephone:  415.431.7430
Facsimile:  415.431.1048

16 Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTEYA DANYELL WILLIAMS, MARY RUTH SCOTT, KAREN LATREECE COLEMAN, PRISCILLA BUNTON, and ALYCE DENISE PAYNE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>CITY OF ANTIOCH,<br><br>        Defendant. | No. C-08-2301 SBA (EDL)<br><br>Stipulation and ~~Proposed~~ Order Regarding Document Retention |

The parties, through their counsel, stipulate to the following terms concerning document retention.

## I. General Terms and Limitations

A. The parties each agree to preserve all relevant documents that currently exist as described and limited hereafter.

B. The term "document" in this stipulation refers to both hard copy documents and electronically stored information (ESI), including e-mail but not voicemail as defined by Fed. R. Civ. Pro. 34(a)(1).

C. By agreeing to preserve particular documents, the parties do not waive any objections that they may have to any later request for production of those same documents.

D. This stipulation was negotiated based upon plaintiffs' request for retention of documents and defendant's good faith disclosure of all potentially relevant documents and ESI, their uses and retention histories. Should the parties become aware of additional or different information concerning the other party's documents, each reserves the right to seek additional or modified retention obligations.

E. Except as identified hereafter, the document retention by defendant is limited to documents that currently exist and were created after January 1, 2004.

## II. Categories of Documents to Be Retained

Defendant shall retain the categories of documents set forth in this section.

A. <u>Records of the Antioch City Council</u> – Defendant shall retain video or audio recordings of City Council meetings as well as minutes, agendas, and reports to the City Council, including special meetings such as the Quality of Life Forums. Defendant does not have agendas or videotapes prior to April 11, 2006.

B. <u>Police Department Records</u> – Defendant shall retain all existing documents and databases of the Police Department's Community Action Team as well as all information maintained in the CAD system.

C. <u>Communications with Outside Agencies</u> – The parties shall retain communications with the County of Contra Costa, the Contra Costa Housing Authority or other local, State or Federal agencies related to the Section 8 housing program. Defendant shall retain communications between the Contra Costa Housing Authority and the Antioch Police Department's Community Action Team or Antioch's Neighborhood Improvement Services department (NIS) regarding any individual recipient or former recipient of Section 8 vouchers.

D. <u>Communications with Tenants, Property Owners and Landlords</u> – Defendant shall retain communications between the Antioch Police Department's Community Action Team and Neighborhood Improvement Services with any Section 8 voucher recipient, former recipient or property owners or landlords. Plaintiffs, the Community Action Team and the Neighborhood Improvement Services shall retain communications with property owners or landlords of Antioch residences accepting or willing to accept Section 8 voucher recipients.

E. <u>Official Statements or Studies</u> – Defendant shall retain official statements and studies by the following city officials: Mayor, City Council Members, Police Chief, Police Captains, Community Action Team Officers, City Manager, Police Crime Prevention Commissioners, or the City Attorney concerning the Section 8 housing program or Section 8 voucher recipients, race discrimination or racial demographics in Antioch.

F. <u>Documents involving UCBN</u> - Defendant shall retain documents relating to meetings or communications between the Mayor, City Council members, the Police Chief, Police

Captains, the Community Action Team, Neighborhood Improvement Services or the City Manager with United Citizens for Better Neighborhoods and Gary Gilbert.

G. <u>Documents Involving Other Community Groups and Section 8 or Quality of Life Issues</u> – Defendant shall retain documents relating to meetings or communications with neighborhood watch groups or the Antioch Chamber of Commerce by the following city officials: the Mayor, City Council members, the Police Chief, Police Captains, the Community Action Team, Neighborhood Improvement Services or the City Manager concerning the Community Action Team, the Section 8 housing program or voucher recipients, or the Quality of Life forums.

H. <u>Complaints of Police Misconduct</u> – Defendant shall retain documents relating to any complaints of police misconduct regarding a current or former Community Action Team officer, including any investigation or disposition of the complaint. In addition, Defendant shall retain documents relating to any complaints of police misconduct since January 1, 2004, which allege racial discrimination or harassment, improper search or home entry, or harassment of Section 8 voucher recipients,

I. <u>Crime Mapping and Police Deployment</u> – Defendant shall retain documents regarding the geographic concentration of CAT or criminal activity in Antioch and the geographic deployment of police resources.

J. <u>Administrative and Judicial Action Records</u> – Defendant shall retain documents relating to any administrative or judicial action that asserts police misconduct, racial discrimination, or harassment of Section 8 recipients against the City of Antioch, the Antioch Police Department or any APD police officer.

K. <u>Records Regarding Public Advocates Report</u> - The parties and their attorneys shall retain documents relating to Public Advocates December 18, 2007 Report "Policy Low-Income African-American Families in Antioch."

L. <u>Records Regarding Named Plaintiffs</u> – Defendant shall retain Police Department documents relating to the named plaintiffs in the Williams case. Plaintiffs will, within a reasonable time, identify any other individuals associated with the plaintiffs whose records are sought to be retained and the City will make best efforts to do so.

M. <u>Communication with Non-Profit Groups</u> - The parties and their attorneys shall retain documents related to communications with Bay Area Legal Aid, Public Advocates, ACLU, the Impact Fund, Bingham McCutchen or the Lawyers' Committee for Civil Rights of the San Francisco Bay Area concerning the Public Advocates report, this litigation, or the individual proceedings before the Housing Authority of Contra Costa County concerning any of the named plaintiffs.

N. <u>Communications with Media</u> – The parties and their attorneys shall retain documents relating to communications with the media which relate to Section 8 program, the December 18, 2007 Public Advocates Report, or this litigation.

O. <u>Police Policy, Procedure and Training Documents</u> - Defendant shall retain documents relating to police training, policy or procedure.

P. <u>Communications with Departments and Commissions</u> – Defendant shall retain documents relating to communication among the Police Crime Prevention Commission, City Manager, Neighborhood Improvement Services, Rental Inspection Program, concerning the Section 8 housing program, Section 8 voucher recipients, or CAT.

**III. Retention Obligations for Particular Information Systems or Sources**

A. <u>Systems or Sources For Which Special Retention is Not Required</u> - Defendant does not need to undertake any special retention obligations for any of the following databases or information systems for purposes of this litigation.

1. City Hall Video Surveillance System
2. Police Department Surveillance System
3. Prewett Park Video Surveillance System
4. Thumb and/or flash drives
5. Tapit Call Accounting (system for billing telephone calls)
6. Quantix (leisure services – Prewett Water Park)
7. Chameleon (animal services information)
8. CRW Track – It Database – No retention of building permits or land use tracking, but Neighborhood Improvement Services (NIS) data to be retained.
9. GBA (work orders for Public Works)
10. Fuel Master (fuel consumption monitoring)
11. Progressive Solutions, Business License
12. SunGard Bi-Tech (financial and accounting system)
13. Safari (leisure services class activity registration and point of sale)
14. Intranet (employment and benefit information and policies)
15. Digital Cameras
16. Cell Phones
17. Personal Digital Assistants (PDA)
18. Call Express (Voicemail)

B. <u>Systems or Sources for Which Retention is Required</u>

1. <u>Computer-Aided Dispatch System Records</u> – Defendant has represented that it retains, and does not purge, information in its Computer-Aided Dispatch System (CAD). Defendant archives the CAD to a secure server on a weekly basis. "CAD" includes, *inter alia*, the CAD system, the Records Management System (RMS), and the Computer Aided Booking System (CABS) system. Defendant shall continue to archive and retain all records in the CAD system on a weekly basis.

2. <u>City and Police Websites</u> – Defendant will retain instructions to the third-party contractor regarding changes to the City's website.

3. <u>911 System/Freedom Recorders/Dispatch System</u> – Prior to July 25, 2008, 911 call and dispatch records, including freedom recorders, were overwritten every 240 days. Since approximately July 25, 2008, the over-writing policy has been halted. Defendant will retain 911 System and dispatch documents, including freedom recorders, for the duration of the litigation.

4. <u>City-Owned Computers</u> – Defendant shall retain documents and electronic information referenced in Section II on City-Owned Computers as follows:

    a) For City-Owned computers used by CAT members, whether desktop or mobile laptops, defendant will retain documents and electronic information referenced in Section II. Defendant shall create and maintain weekly archives of all records of the CAT officers network files.

    b) For City-Owned computers used by the City Manager, Assistant City Manager, Police Chief, and Police Captains, defendant will retain documents and electronic information referenced in Section II. Defendant has advised these individuals of their obligation to retain

documents related to the Community Action Team, Section 8, Contra Costa Housing Authority and UCBN. They, along with NIS and RIP, who have not previously received retention instructions, will receive reminders to retain documents referenced in Section II no less than every six months hereafter. If someone new is elected, appointed or assigned to one of these job positions, defendant will advise the person of his or her duty to retain documents referenced in Section II within ten days of the time they begin work in their new position.

5. <u>Home Computers</u> – The following individuals may have home computers which may have documents referenced in Section II: Community Action Team Officers who remain employed by the City of Antioch, City Manager, Assistant City Manager, Police Chief, Police Captains, City Council Members and the Mayor. Defendant has instructed these individuals to retain documents, including electronic mail, related to the Community Action Team, Section 8, Contra Costa Housing Authority and UCBN on their home computers. They will receive reminders to retain documents referenced in Section II no less than every six months hereafter. If someone new is elected, appointed or assigned to one of these job positions, defendant will advise the person of his or her duty to retain documents referenced in Section II within ten days of the time they begin work in their new position.

6. <u>CRW Track-It Database</u> – Defendant will retain the part of the CRW Track-It database that relates to the Neighborhood Improvements Services department.

7. <u>Police Department Interview Videos</u> - Defendant will retain police station interviews germane to a filed criminal case against a named plaintiff in the Williams case.

8. <u>Computer Network and Servers</u> (including Exchange Server) – Defendant shall make and retain, on a monthly basis, a copy of the contents of its computer network.

DATED: December __, 2008            THE IMPACT FUND

By      s/ Jocelyn D. Larkin
        Jocelyn D. Larkin
Attorney for Plaintiffs and the Proposed Class

DATED: December __, 2008            MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By      s/Thomas G. Beatty
        Thomas G. Beatty
Attorney for Defendant

IT IS SO ORDERED.

DATED:  January 6, 2009

IT IS SO ORDERED
*Elizabeth D. Laporte*
Judge Elizabeth D. Laporte
UNITED STATES MAGISTRATE JUDGE