Impact Fund
BRAD SELIGMAN (SBN 083838)
bseligman@impactfund.org
JOCELYN D. LARKIN (SBN 110817)
JASON H. TARRICONE (SBN 247506)
125 University Avenue, Suite 102
Berkeley, CA 94710
Telephone: 510.845.3473
Facsimile: 510.845.3654

Bingham McCutchen LLP
HAYWOOD S. GILLIAM, JR. (SBN 172732)
haywood.gilliam@bingham.com
ABIGAIL CONZATTI NICHOLS (SBN 252452)
abigail.nichols@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000
Facsimile: 415.393.2286

Lawyers' Committee For Civil Rights of the San Francisco Bay Area
OREN M. SELLSTROM (SBN 161074)
osellstrom@lccr.com
KENDRA FOX-DAVIS (SBN 248757)
CHARLES FORSTER (SBN 252826)
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: 415.543.9444
Facsimile: 415.543.0296

Attorneys for Plaintiffs SANTEYA DANYELL WILLIAMS, MARY RUTH SCOTT, KAREN LATREECE COLEMAN, PRISCILLA BUNTON, and ALYCE DENISE PAYNE.

American Civil Liberties Union Foundation of Northern California
ALAN L. SCHLOSSER (SBN 49957)
aschlosser@aclunc.org
39 Drumm Street
San Francisco, CA 94111
Telephone: 415.621.2493
Facsimile: 415.255.8437

Public Advocates, Inc.
RICHARD A. MARCANTONIO (SBN 39619)
Rmarcantonio@publicadvocates.org
MICHELLE NATIVIDAD RODRIGUEZ (SBN 226683)
131 Steuart Street, Suite 300
San Francisco, CA 94105
Telephone: 415.431.7430
Facsimile: 415.431.1048

JAMES V. FITZGERALD, III (State Bar No. 55632)
THOMAS G. BEATTY (State Bar No.75794)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: 925.939.5330
Facsimile: 925.93900203

Attorneys for Defendant
CITY OF ANTIOCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTEYA DANYELL WILLIAMS, MARY RUTH SCOTT, KAREN LATREECE COLEMAN, PRISCILLA BUNTON, and ALYCE DENISE PAYNE, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br>v.<br><br>CITY OF ANTIOCH,<br><br>   Defendant. | No. C-08-2301 SBA (EDL)<br>ORDER as Amended<br>**STIPULATION BETWEEN THE PARTIES AND ORDER REGARDING CONFIDENTIAL INFORMATION, PERSONNEL AND COMPLAINT DOCUMENTS** |

1    The parties expect that discovery in this action may involve disclosure of documents that may have personally identifiable information of a private nature, such as documents indicating interaction with the Antioch Police Department. In addition, plaintiffs have requested certain personnel and complaint related documents.

The parties hereby stipulate:

1. Confidential Information. For purposes of this Stipulation and Protective order, "confidential information" means information that is produced in discovery or initial disclosures that identify an individual by name and/or address in a document that indicates interaction with the Antioch Police Department or discloses personal information of a private nature such as health or financial information. A document is not subject to this Stipulation and Protective Order if: 1) personally identifying information is redacted; 2) the document has been produced by a third-party or was produced by defendant pursuant to a Public Records Act request; 3) the document is publicly available; or 4) the document does not contain information that a reasonable person would consider confidential.

Any party who believes a document contains protected confidential information shall stamp the document with the designation "confidential" or provide a log that lists the document as confidential. Upon written notice from the non-producing party, the designating party must provide a written justification for any document deemed confidential within five days of the objection. If the non-producing party is not satisfied with the explanation, after meeting and conferring, the court shall determine whether the designation is justified, upon motion of the designating party. In any proceeding, the burden of justifying the confidential status of the document shall be on the designating party. The parties shall meet and confer about the treatment of any documents that identifies juveniles.

The parties hereby agree that documents containing confidential information received in

1  discovery in this case shall be used solely for purposes of this litigation and shall not be
2  disclosed to the public or parties not involved in this litigation. Nothing in this Stipulation and
3  Protective Order shall prohibit disclosure of any confidential information to court reporters and
4  professional vendors (i.e. videographers etc.), the court and its personnel, a party, a party's
5  attorney, support staff, consultants and experts or to an individual who created, is the source of
6  information or received the document containing confidential information, or who is named or
7  identified in the document or whose family member or housemate is named in the document.
8  

9      2. APD Personnel and Complaint Documents. Plaintiffs have sought discovery of the
10 personnel documents of certain police officers of the Antioch Police Department (APD) and
11 complaints against the Police Department. Defendant has objected to this discovery.
12 

13     Defendant shall produce personnel documents (i.e. documents specified in Plaintiffs'
14 First Request for Production of Documents Nos. 34, 36, 37) for current and former members of
15 APD's Community Action Team (CAT) and Chief Hyde.

16     Defendant shall produce all documents concerning complaints of police misconduct
17 (Requests No. 69, 70) concerning Chief Hyde and current or former members of the CAT. In
18 addition, defendant shall produce all documents concerning complaints of police misconduct for
19 any other current or former APD officer that includes any claims of race discrimination,
20 unlawful or improper searches, or unlawful or inappropriate response to a domestic violence
21 situation.
22 

23     Plaintiffs may request personnel documents or complaints regarding non- CAT APD
24 officers provided plaintiffs explain the relevance of such discovery. The parties shall thereafter
25 meet and confer about such production. If defendant does not agree to produce the requested
26 documents, they shall be submitted, along with plaintiffs' explanation of relevance, to the
27 Magistrate Judge for in camera review.
28

3. <u>Unredacted Documents</u>. Defendant shall produce all documents in unredacted form, subject to, where appropriate, the terms of this order regarding confidential information.

DATED: February 20, 2009        By: /s/ Brad Seligman
                                    Brad Seligman
                                    Attorney for Plaintiffs

DATED:  2/20/09                 By: _____
                                    James Fitzgerald
                                    Attorney for Defendant

IT IS SO ORDERED.
Civil Local Rule 79-5 sets forth the procedures that must be followed for seeking leave to file material under seal.

DATED: February 26, 2009        _____
                                Hon. Elizabeth D. Laporte
                                United States Magistrate Judge

IT IS SO ORDERED
Elizabeth D. Laporte
Judge Elizabeth D. Laporte