IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAMS, ET AL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ANTIOCH, ET AL, <br><br> Defendant. | No. C-08-02301 SBA (EDL) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** |

This is a class action in which Plaintiffs allege that the City of Antioch and the Antioch Police Department ("APD") have engaged in a campaign of harassment and intimidation to reduce Antioch's population of African-Americans who receive federal housing subsidies. The named plaintiffs are five African-American women. Plaintiffs seek to represent the class of "all African-Americans who have held, currently hold, may hold or are erroneously regarded by the City and officers of the Antioch Police Department as holding, Section 8 housing vouchers, and all members of their households who reside, have resided or will reside in the City of Antioch."

Plaintiffs now seek production of electronically stored information describing the geographic location of crimes and complaints and the races of the parties involved. Specifically, Plaintiffs seek records or data regarding all citations and arrests in Antioch, showing the type of criminal activity, the geographic location where the incident occurred, the year, and the race of the arrested party, the suspects, and the victims; records or data regarding the race and geographic location of arrests for categories of crime (drug or alcohol related arrests and domestic violence arrests) that appear to be of particular interest to the special police unit that Plaintiffs allege was created to target Section 8 households (the Community Action Team, or "CAT"); electronic data used by APD or others to prepare maps showing the geographic locations of crimes or arrests; and computer programs and

1  files used to access or store this data.  The time period for these requests, pursuant to stipulated
2  discovery plan, is January 1, 2004 to present.

3  For the reasons stated in more detail at the hearing, Plaintiffs' motion is denied in part and
4  granted in part.  While Plaintiffs' requests are generally relevant (although some of the information
5  sought, such as moving violations, is not relevant, as Plaintiffs conceded at the hearing), Defendant
6  has shown that granting them in full would cause undue burden disproportionate to the benefits.
7  Plaintiffs have not sufficiently refined and narrowed their requests in light of Defendant's
8  production burden, and Defendant has not sufficiently explored with Plaintiffs potential means of
9  alleviating the burden of meeting appropriately narrowed requests.  The parties shall further meet
10 and confer regarding the discovery requests.  Plaintiffs shall start by proposing one or two much
11 more refined inquiries, and the parties shall discuss Plaintiffs' top discovery priorities as well as
12 techniques to narrow the burden such as sampling, narrowing the date range, the possibility of
13 Plaintiffs or a third party performing the search at shared expense under a strict protective order,
14 among other things.  The parties shall meet and confer about these requests immediately and then
15 Defendant shall carry out a limited set of agreed upon initial, limited searches, and report to
16 Plaintiffs on the results and time it took to perform.

17 **IT IS SO ORDERED.**

18 Dated: August 5, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge