1  Impact Fund
   BRAD SELIGMAN (SBN 083838)
2  bseligman@impactfund.org
   JOCELYN D. LARKIN (SBN 110817)
3  125 University Avenue, Suite 102
   Berkeley, CA  94710
4  Telephone:  510.845.3473
   Facsimile:  510.845.3654
5
   Bingham McCutchen LLP
6  FRANK B. KENNAMER (SBN 157844)
   ABIGAIL C. SLONECKER (SBN 252452)
7  abigail.slonecker@bingham.com
   Three Embarcadero Center
8  San Francisco, CA  94111
   Telephone:  415.393.2000
9  Facsimile:  415.393.2286

10 Attorneys for Plaintiffs SANTEYA DANYELL
   WILLIAMS, MARY RUTH SCOTT, KAREN
11 LATREECE COLEMAN, PRISCILLA BUNTON, and
   ALYCE DENISE PAYNE
12
   **[Additional Counsel Listed After Signature Page]**
13

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16 | SANTEYA DANYELL WILLIAMS, MARY RUTH SCOTT, KAREN LATREECE COLEMAN, PRISCILLA BUNTON, and ALYCE DENISE PAYNE, on behalf of themselves and all others similarly situated,

   Plaintiffs,
   v.

   CITY OF ANTIOCH,

   Defendant. |

No. C-08-2301 SBA

**PLAINTIFFS' MOTION FOR BIFURCATION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Date:  January 12, 2010
Time:  1:00 p.m.

## TABLE OF CONTENTS

Page

NOTICE OF MOTION ................................................................................................................ 1

I.  INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A.  CIVIL RIGHTS CLASS ACTIONS ARE PARTICULARLY
        APPROPRIATE FOR BIFURCATION ................................................................ 1

    B.  BIFURCATION IS APPROPRIATE IN THIS CASE ........................................... 3

III. CONCLUSION ............................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Arnold v. United Artists Theater Circuit*
   158 F.R.D. 439 (N.D. Cal. 1994) ............................................................................ 2, 3, 4, 5

*Botosan v. Paul McNally Realty*
   216 F.3d 827, 835 (9th Cir. 2000) ............................................................................ 4

*Butler v. Home Depot, Inc.*
   1996 WL 421436 (N.D. Cal. Jan. 25, 1996) ............................................................ 2

*Cooper v. Fed. Reserve Bank*
   467 U.S. 867 (1984) .................................................................................................. 2, 3

*EEOC v. Nebco Evans Distribution, Inc.*
   1997 WL 416423 (D. Neb. June 9, 1997) ............................................................... 5

*National Federation of the Blind v. Target Corp.*
   582 F.Supp.2d 1185 (N.D. Cal. 2007) ...................................................................... 2, 3

*Hickey v. City of Seattle*
   236 F.R.D. 659 (W.D. Wash. 2006) ......................................................................... 2

*International Brotherhood of Teamsters v. United States*
   431 U.S. 324 (1977) .................................................................................................. 2, 3, 5

*Robinson v. Metro North Commuter R.R. Co.*
   267 F.3d 147 (2d Cir. 2001) ..................................................................................... 2

*Ryan v. Carl Corp.*
   1999 WL 16320 (N.D. Cal. Jan. 13, 1999) ............................................................. 2

**CALIFORNIA STATUTES**

Cal. Civil Code § 52.1 ...................................................................................................... 4

Cal. Civil Code 52 ............................................................................................................ 4

Cal. Civil Code 52.1(b) .................................................................................................... 4

Cal. Civil Code 52(a) ....................................................................................................... 4

**OTHER AUTHORITIES**

Fed R. Civ. P. 42(b) ......................................................................................................... 1

|   |   |
|---|---|
| 1 | **NOTICE OF MOTION** |
| 2 | On January 12, 2010 at 1:00 p.m., in Courtroom 1, before the Honorable Saundra Brown |
| 3 | Armstrong, United States District Court, 1301 Clay Street, Suite 400, Oakland, CA. 94612, |
| 4 | Plaintiffs will move for an order bifurcating this action for liability and damage phases pursuant |
| 5 | to Federal Rule of Civil Procedure 42(b). |
| 6 | **I.     INTRODUCTION** |
| 7 | Pursuant to Fed R. Civ. P. 42(b), plaintiff move to bifurcate pre-trial and trial of this |
| 8 | action into liability and damages phases.  Such bifurcation is standard in civil rights class action |
| 9 | litigation, and is justified by convenience, judicial economy, and simplification of issues.  The |
| 10 | issues of liability and entitlement to damages are clearly separable and defendant will suffer no |
| 11 | prejudice from bifurcation.  Instead of lengthy discovery and trial focused on all issues, |
| 12 | bifurcation focuses the action and serves judicial economy.  If plaintiffs do not prevail in the |
| 13 | first, liability stage, then the court and parties avoid unnecessary proceedings and expense. On |
| 14 | the other hand, if plaintiffs prevail in the first stage, the court may order injunctive relief, and the |
| 15 | damages phase will be streamlined by presumptions arising from the liability judgment. |
| 16 | Plaintiffs propose bifurcation of pre-trial and trial as follows: |
| 17 | 1.     The first stage of the action will be limited to defendant's liability to plaintiffs and |
| 18 | the class.  If class liability is found, the court would order appropriate injunctive and declaratory |
| 19 | relief. |
| 20 | 2.     If liability is found at stage one, the next stage of the action would focus on |
| 21 | monetary relief.  The subsequent trial would determine damages for plaintiffs and individual |
| 22 | class members. |
| 23 | **II.     ARGUMENT** |
| 24 | **A.     CIVIL RIGHTS CLASS ACTIONS ARE PARTICULARLY APPROPRIATE FOR BIFURCATION** |
| 25 | |
| 26 | Bifurcation of trial into liability and damages phases is commonly ordered in class cases, particularly cases relying on a pattern or practice discrimination theory.  *See e.g. Robinson v.* |
| 27 | *Metro North Commuter R.R. Co.*, 267 F.3d 147, 158 (2d Cir. 2001) (Title VII); *Hickey v. City of* |
| 28 | |

1

*Seattle*, 236 F.R.D. 659, 666-67 (W.D. Wash. 2006) (unlawful arrests); *National Federation of the Blind v. Target Corp.*, 582 F.Supp.2d 1185, 1209 (N.D. Cal. 2007) (disability access); *Arnold v. UA Theater Circuit*, 158 F.R.D. 439, 458-60 (N.D. Cal. 1994) (disability access); *Ryan v. Carl Corp.*, 1999 WL 16320, at *4-5, 11 (N.D. Cal. Jan. 13, 1999) (copyright); *Butler v. Home Depot, Inc.*, 1996 WL 421436 (N.D. Cal. Jan. 25, 1996) (Title VII).

The rationale for bifurcation into liability and damage phases in civil rights cases was explained by the United States Supreme Court in the employment discrimination pattern or practice case of *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977).[1] In that nationwide employment discrimination case, the United States alleged that the defendant engaged in a pattern and practice of intentional discrimination against minority job applicants and would-be applicants for truck driver positions.  The Court explained that at the liability stage of the case, the government had to prove "more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts.  It had to establish by a preponderance of the evidence that racial discrimination was the company's standard operating procedure ― the regular rather than the unusual practice." *Id.* at 336.  The government made this showing through a combination of statistical and anecdotal evidence. *Id.* at 337-38.  The Court explained:

> At the initial, 'liability' stage of a pattern-or-practice case, the Government is not required to offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy.  Its burden is to establish a prima facie case that such a policy existed.  The burden then shifts to the employer to defeat the prima facie showing of a pattern or practice by demonstrating that the Government's proof is either inaccurate or insignificant . . . .  The point is that at the liability stage of a pattern-or-practice trial the focus often will not be on individual hiring decisions . . . .  While a pattern might be demonstrated by examining the discrete decisions of which it is composed, the Government's suits have more commonly involved proof of the expected result of a regularly followed discriminatory policy.

*Id.* at 360, n.46.  In essence, the liability stage focuses on the defendant's policy as it applies to the entire class, not on proof of individual instances of discrimination.

---

[1] Although *Teamsters* was not a class action, the Supreme Court has confirmed that "the elements of a prima facie pattern-or-practice case are the same in a private class action." *Cooper v. Fed. Reserve Bank*, 467 U.S. 867, 876 n.9 (1984).

1  If the defendant fails to rebut the prima facie case, liability is established and the trial
2  court determines the appropriate remedy.  "*Without any further evidence* from the Government, a
3  court's finding of a pattern or practice justifies an award of prospective relief.  Such relief might
4  take the form of an injunctive order against continuation of the discriminatory practice . . . ."  *Id.*
5  at 361 (emphasis added); *see also Cooper v. Fed. Reserve Bank*, 467 U.S. 867, 876 (1984) ("[A]
6  finding of a pattern or practice of discrimination itself justifies an award of prospective relief to
7  the class . . . .").  Importantly, such relief is issued without any requirement of assessing the
8  claims of individual class members.
9  If individual relief is sought, "a district court must usually conduct additional proceedings
10  after the liability phase of the trial to determine the scope of individual relief." *Teamsters*, 431
11  U.S. at 361.  In such subsequent proceedings, class members are presumed entitled to relief -- a
12  presumption that a defendant may rebut with a showing that, notwithstanding the finding of a
13  pattern or practice of discrimination, it acted lawfully in with regard to an individual class
14  member.  *Id.* at 362.

15  **B.     BIFURCATION IS APPROPRIATE IN THIS CASE**

16  Courts considering bifurcation evaluate the complexity of the legal and factual issues,
17  judicial economy and potential prejudice to the parties. *See e.g. National Federation of the Blind*,
18  582 F.Supp.2d at 1209; *Arnold*, 158 F.R.D. at 459-460.  Consideration of these factors in the
19  present case confirm that bifurcation is the appropriate procedure.
20  The constitutional and statutory claims in this action are complex, with plaintiffs relying
21  on three overlapping theories of liability (adverse impact, intentional discrimination and "source
22  of income" discrimination). If a class is certified, potentially hundreds of class members may
23  have claims that would need to be resolved.  Combining liability, individual entitlement and
24  damages issues into one trial would be complex and potentially confusing to a jury.  Bifurcation,
25  on the other hand, simplifies the issues and saves the resources of the court and parties.
26  Judge Henderson addressed a similar bifurcation motion in *Arnold*, *supra,* a disability
27  access class action.  There, as here, plaintiffs sought to bifurcate the action into a class liability
28  phase, and then, if they prevailed, a second damages phase.  There, as here, plaintiffs sought only

statutory minimum damages for the class, in that case under the same statutory minimum damage provision as alleged in the present case, Cal. Civil Code § 52(a). Judge Henderson granted the request. His reasoning is fully applicable to this case:

> This suit plainly involves highly complex issues of both California and federal law. A jury trial is likely, as the California law claims carry with them that right. The Court concludes that a unitary trial in which fact issues pertaining to both liability and class damages were combined would be substantially more complicated than a bifurcated trial, and would consequently increase the risk of jury misunderstanding.

158 F.R.D. at 459.

Bifurcation would simplify the action. As noted above, the *Teamsters* model of bifurcation has been applied in a wide variety of contexts. In Title VII cases, the damages phase can involve complex questions of individual entitlement and extent of back pay and other damages. *Arnold,* supra at 453.[2] In the present case, however, the second stage would be much simpler, because plaintiffs seek only statutory minimum damages available for class members under California's Bane Act, Cal. Civil Code § 52.1.[3] If a denial of constitutional or statutory rights is established, an individual is entitled to damages "but in no case less than four thousand dollars ($4,000)." Cal. Civil Code § 52(a). No proof of damages is required for recovery of minimum damages under Cal. Civil Code § 52. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000). Thus, the second stage will address only whether class members are entitled to relief. If the finder of fact finds they are, they are entitled to the statutory minimum

---

[2] Judge Henderson contrasted the statutory minimum damages claims sought in *Arnold* with Title VII damages:

> It is clear that plaintiffs' damage claims based on actual visits to UA theaters are far less complicated than the average Title VII suit where back pay relief is sought. In such Title VII cases, in addition to proving illegal discrimination, claimants must both establish that they individually suffered damages and prove the extent of those damages. Moreover, defenses reducing the damage award by the amount of any interim earnings, or for failure to mitigate the injury, are available to defendants, as well as the defense that there was no but-for causation because, even absent discrimination, the same employment action would have been taken for different, legitimate reasons.

*Arnold,* 158 F.R.D. at 453.

[3] Under the Bane Act, a person whose rights have been violated is entitled to seek damages and injunctive relief under Cal. Civil Code § 52. *See* Cal. Civil Code § 52.1(b). Cal. Civil Code § 52(a) provides for statutory damages of "in no case less than four thousand dollars . . . ."

4

1 for "each and every offense" without proof of damages. Cal. Civil Code § 52(a).[4]

2   In the present case, bifurcation offers many advantages to the court and parties.  Instead of a lengthy trial, preceded by extensive discovery on all claims, the initial trial would be focused on liability.  If plaintiffs do not prevail, then discovery and other pretrial proceedings and trial on class member entitlement to damages is avoided, saving both the court and parties from unnecessary expense.  On the other hand, if plaintiffs prevail at stage one, then the damages phase will be streamlined by the *Teamsters* presumption flowing from the liability judgment, thus easing the burden of proof for individual class members.  Cases frequently settle after a liability judgment as well. *Arnold*, 158 F.R.D. at 459-460.

Bifurcating the action will also lessen the risk of jury confusion, since each stage of the trial will be focused on limited factual and legal issues. Moreover, as *Teamsters* explained, the liability and individual relief portions of the trial *are* easily severable.  431 U.S. at 361-63.[5] There is no conceivable prejudice to defendant from bifurcation. Indeed, defendant stands to benefit from bifurcation should it prevail in the first stage.

### III.   CONCLUSION

Accordingly, plaintiffs request bifurcation of this action.

DATED: October 26, 2009             IMPACT FUND

                                    By:_____/s/ Brad Seligman_____
                                            Brad Seligman
                                    Attorneys for Plaintiffs and the Proposed Class

---

[4] Named plaintiffs also assert individual claims for relief in addition to Bane Act claims. The extent of their damages would be determined in the second stage of the trial as well.

[5] Because the issues are distinct, a different jury may preside over stage two. *Arnold*, 158 F.R.D. at 460; *EEOC v. Nebco Evans Distribution, Inc.*, 1997 WL 416423, at *2 (D. Neb. June 9, 1997).

| | |
|---|---|
| 1 | **Additional Counsel:** |
| 2 | Lawyers' Committee For Civil Rights of the San Francisco Bay Area |
| 3 | OREN M. SELLSTROM (SBN 161074) osellstrom@lccr.com |
| 4 | KENDRA FOX-DAVIS (SBN 248757) 131 Steuart Street, Suite 400 |
| 5 | San Francisco, CA  94105 Telephone:  415.543.9444 |
| 6 | Facsimile:  415.543.0296 |
| 7 | Covington & Burling LLP HAYWOOD S. GILLIAM, JR. (SBN 172732) |
| 8 | hgilliam@cov.com One Front Street |
| 9 | San Francisco, CA  94111 Telephone:  415.591.6000 |
| 10 | Facsimile:  415.591.6091 |
| 11 | American Civil Liberties Union Foundation of Northern California |
| 12 | ALAN  L. SCHLOSSER (SBN 49957) aschlosser@aclunc.org |
| 13 | ANDRE I. SEGURA (SBN 247681) 39 Drumm Street |
| 14 | San Francisco, CA  94111 Telephone:  415.621.2493 |
| 15 | Facsimile:  415.255.8437 |
| 16 | Public Advocates, Inc. RICHARD A. MARCANTONIO (SBN 39619) |
| 17 | Rmarcantonio@publicadvocates.org SAMUEL TEPPERMAN-GELFANT (SBN 240944) |
| 18 | 131 Steuart Street, Suite 300 San Francisco, CA  94105 |
| 19 | Telephone:  415.431.7430 Facsimile:  415.431.1048 |
| 20 | |
| 21 | Attorneys for Plaintiffs SANTEYA DANYELL WILLIAMS, MARY RUTH SCOTT, KAREN LATREECE COLEMAN, PRISCILLA BUNTON, |
| 22 | and ALYCE DENISE PAYNE |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |