1   JAMES V. FITZGERALD, III (State Bar No. 55632)
    THOMAS G. BEATTY (State Bar No. 75794)
2   H. PATRICK SWEENEY (State Bar No. 43737)
    McNamara, Dodge, Ney, Beatty, Slattery,
3   Pfalzer, Borges & Brothers LLP
    1211 Newell Avenue
4   Post Office Box 5288
    Walnut Creek, CA 94596
5   Telephone: (925) 939-5330
    Facsimile:  (925) 939-0203
6
    Attorneys for Defendant
7   CITY OF ANTIOCH

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  SANTEYA DANYELL WILLIAMS;          Case No. C08-02301 SBA
    MARY RUTH SCOTT; KAREN
12  LATREECE COLEMAN; PRISCILLA        **DEFENDANT ANTIOCH'S MOTION FOR**
    BUNTON, and ALYCE DENISE PAYNE,    **JUDGMENT ON THE PLEADINGS PER**
13  on behalf of themselves and all others   **FRCP 12(C) AND (H)(2)(B) TO DISMISS**
    similarly situated ,               **PLAINTIFF BUNTON'S AND THE**
14                                     **CLASS' CLAIM FOR DAMAGES PER**
                   Plaintiffs,         **CIVIL CODE § 52.1 (EIGHTH CLAIM**
15                                     **FOR RELIEF)**
         vs.
16                                     Date:   January 12, 2010
    CITY OF ANTIOCH,                   Time:   1:00 p.m.
17                                     Judge: Saundra B. Armstrong
                   Defendant.
18                                     Trial:   None Set

19

20          Defendant City of Antioch moves this Court for a Judgment on the Pleadings to dismiss

21  the Eighth Claim for Relief in Plaintiffs' First Amended Complaint with regard to Plaintiff

22  Priscilla Bunton and the class.   This motion is brought per FRCP 12(c) and (h)(2)(B) on the

23  grounds that it is apparent on the face of the pleading that Plaintiff Bunton and the class failed to

24  meet essential state tort claim requirements to seek statutory damages under Cal. Civil Code § 52.

25                  **I.      ISSUES TO BE DECIDED**

26          The issues to be decided in this motion and the short answers are as follows:

27          **ISSUE No.1**   Is Plaintiff Priscilla Bunton barred from seeking damages under Cal. Civil

28  Code § 52 in this lawsuit per Cal. Gov't Code § 945.4 for failure to file a government tort claim?

McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1     <u>ANSWER</u>    Yes.  Plaintiff Bunton did not file a government tort claim, thus, did not

2  meet the state tort claim requirements and is therefore barred from seeking statutory and/or actual

3  (and treble) damages under Cal. Civil Code § 52.

4     **ISSUE No.2**   Is the class barred from seeking damages under Cal. Civil Code § 52 in this

5  lawsuit per Cal. Gov't Code § 945.4 for failure to file a government tort claim?

6     <u>ANSWER</u>    Yes.  The claims filed by Plaintiffs Williams, Payne, Scott and Coleman

7  were filed individually and not on behalf of "similarly situated" class members, thus barring the

8  class from seeking statutory damages under Cal. Civil Code § 52.

9                          **II.    FACTUAL BACKGROUND**

10     Plaintiffs, five African-American Section 8 program participants, have brought this class

11  action against Defendant City of Antioch for alleged race discrimination in violation of several

12  constitutional and statutory federal and state rights[1].

13     On July 3, 2007, Defendant City of Antioch received a government tort claim from

14  Plaintiff Scott; on September 14, 2007 from Plaintiff Payne; on September 26, 2007 from

15  Plaintiff Williams; and on December 12, 2007, from Plaintiff Coleman.  (Exhibits B1-B4)[2].

16  Plaintiff Bunton admittedly *never* submitted a government tort claim.[3]

17     All four Plaintiffs were represented by Bay Area Legal Aid.  All four claims were

18  submitted individually.  (See <u>Exhibit B1-B4</u>: "*I am* submitting this claim … *I* suffered personal

19  injury, emotional distress … *I* also suffered medical complications … entitling *my family and me*

20  to punitive damages … if litigated *my claim* would …") (emphasis added.)  None of the four

21  claims was submitted on behalf of "similarly situated class members" and/or indicated in any

22  other way that the claims were brought on behalf of a class.  The claims were rejected.

23     Plaintiffs then filed their complaint on May 2, 2008, and the First Amended Complaint

---

[1] Plaintiffs' motion for class certification is pending concurrently herewith and set for the same hearing date.  The moving papers and Defendant's opposition discuss the factual allegations in great detail.  To avoid undue repetition, Defendant's respectfully refer to and incorporate herewith those factual allegations.

[2] All Exhibits are attached to the declaration of James V. Fitzgerald, III, filed concurrently herewith.

[3] <u>Exhibit A</u>, ¶ 99, "Plaintiffs Williams, Scott, Coleman and Payne timely served notices of claims ..."

Case No. C08-02301 SBA - ANTIOCH'S FRCP 12          2
MOTION TO DISMISS

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

("FAC") on July 16, 2008. (Exhibit A). Plaintiffs seek injunctive and declaratory relief, as well as statutory damages for the class and actual damages (trebled) for the individual Plaintiffs under Cal. Civil Code § 52. (Plaintiffs' Eighth Claim for Relief, Exhibit A). Plaintiffs seek damages *only* under Cal. Civil Code § 52. (Exhibit A, ¶ 148.) The FAC further states that government tort claims were filed by Plaintiffs Williams, Scott, Coleman and Payne. (Exhibit A, ¶ 99.)

Defendants now seek to dismiss Plaintiffs' Eighth Claim with respect to Plaintiff Bunton and the class pursuant to FRCP 12(c) and (h)(2)(B) because it is apparent on the face of the pleading that they failed to meet vital government tort claim requirements.

## III.   LEGAL ANALYSIS

### A.   Legal Standards

#### 1.   FRCP 12(c) and (h)(2)(B)

Under FRCP 12(c) and (h)(2)(B), a motion to dismiss for failure to state a claim may be made in a motion for judgment on the pleadings after an answer has been filed. *Martorello v. Sun Life Assurance Company of Canada*, 2009 WL 1227011, *3 (N.D. Cal. May 1, 2009); (see also *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980) (holding that Rule 12(h)(2) allows a motion for judgment on the pleadings, raising the defense of failure to state a claim, even after an answer has been filed. The case for adopting such a position is further strengthened where the answer included the defense of failure to state a claim.).

When Rule 12(c) is used to raise a defense for failure to state a claim, "the motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)." *Martorello*, 2009 WL 1227011, *3 (citing *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988), holding that dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."); see also *Morgan v. County of Yolo*, 436 F.Supp.2d 1152, 1154-1155 (E.D. Cal. 2006), holding that judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law.)

Defendant has answered Plaintiffs' FAC and has raised the defense of failure to state a claim in its answer. (See Defendant's 1. Affirmative Defense.) Further, as will be shown below,

1    Plaintiff Bunton and the class failed to meet prerequisite state tort claim requirements, thus

2    entitling the Defendant to a judgment as a matter of law. Defendant is therefore entitled to bring

3    this motion to dismiss for failure to state a claim under FRCP 12(c) and (h)(2)(B).

### 2. The Court May Consider Judicially Noticed Matters

5    Judicially noticed documents may be considered along with the complaint in deciding a

6    Rule 12 motion. *Morgan,* 436 F.Supp.2d at 1155 ("In addition to considering the allegations of

7    the complaint, like a motion under Rule 12(b)(6) the court may also take into account materials to

8    which it can take judicial notice. A Rule 12(c) Motion for Judgment on the Pleadings may

9    consequently be granted if, after assessing both the complaint, plus matters for which judicial

10    notice is proper, it appears "beyond doubt that the [non-moving party] cannot prove any facts that

11    would support his claim for relief ...") (internal cites omitted); see also *Barron v. Reich*, 13 F.3d

12    1370, 1377 (9th Cir. 1994) (holding that "additional facts [may be] considered by the court [that]

13    are contained in materials of which the court may take judicial notice.")

14    Defendant requests the Court to take judicial notice of the government tort claims filed by

15    Plaintiffs Williams, Scott, Coleman and Payne (Exhibit B1-B4).[4] The authenticity of the claims

16    is undisputed (since they were filed by the Plaintiffs in this action) and the claims are public

17    records, which can be judicially noticed per FRE 201. As such, the government tort claims can

18    be properly considered in deciding this Rule 12 motion.

### 3. Cal. Gov't Code § 945.4

20    "No suit for money or damages may be brought against a public entity ... until a written

21    claim therefore has been presented to the public entity." Cal. Gov't Code § 945.4. In other

22    words, actions for damages against public entities are preconditioned on the timely filing of a

23    proper claim. As the California Supreme Court has explained, "[t]imely claim presentation is not

24    merely a procedural requirement, but is, as we long ago concluded, 'a condition precedent to

25    plaintiff's maintaining an action against defendant'." *Shirk v. Vista Unified School Dist.*, 42

26    Cal.4th 201, 209 (2007); citing *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234,

---

[4] See Defendant's Request for Judicial Notice, filed concurrently herewith.

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1240 (2004), (quoting *Williams v. Horvath*, 16 Cal.3d 834, 842 (1976)) (emphasis added).  See also *City of San Jose v. Superior Court,* 12 Cal.3d 447, 452 (1974).

Further, it is well settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.  Such knowledge – standing alone- constitutes neither substantial compliance nor basis for estoppels.  *City of San Jose,*  12 Cal.3d at 455.  The purpose of this claim-filing statute is to give the public entity the opportunity to investigate and negotiate settlement of claims, and thus avoid litigation. The filing of a claim is not simply an exercise in paper work or a perfunctory condition precedent to instituting litigation. There must be compliance with the requirements of the statute which will permit the government to make a meaningful decision in allowing or disallowing the claim. *Eaton v. Ventura Port District,* 45 Cal.App.3d 862, 867 (1975)

In the context of class actions, an administrative claim may be filed on behalf of a class if the information presented in the tort claim is in "substantial compliance" with the statutory requirements of Cal. Gov't Code § 910.  *City of San Jose,* 12 Cal.3d at 452.  While it is not necessary to file a claim individually for each purported class member, the class claim must nonetheless provide "sufficient information to identify and make ascertainable the class itself" in order to satisfy the claims statute.  *Id.* at 457.[5]  The circumstances of the occurrence and a description of the liability set forth in the class claim must "establish a well-defined community of interest in questions of law and fact" so as "to portray [a] community of interest." *Eaton.,* 45 Cal.App.3d at 869.  Class claims containing "diverse and individualized" theories of liability or factual scenarios underlying those theories do not meet this test.  *Id.* The Court of Appeals in *Eaton* declined class certification because the class claim did not substantially comply with the claim statute; and the action was not maintainable as a class action because of the number, variety and diversity of the individual plaintiffs' respective claims. ("The only common feature appearing

---

[5] At a minimum, class claims should be submitted on the claimant's own behalf as well as "all others similarly situated" class members. See, for instance, *Dhuyvetter v. City of Fresno*, 110 Cal.App.3d 659 (1980) (claim filed on behalf of named property owners … and "on behalf of all persons similarly adversely affected."); *Craft v. County of San Bernardino*, 2006 WL 4941829 *4 (C.D.Cal. March 23, 2006) (claim filed on claimant's own behalf as well as "all others similarly situated.")

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  in the various allegations is the flooding of a river.  If anything, the plaintiffs, named and

2  unnamed, possess in common only a diversity of interest in fact and law. No discernable class can

3  be manufactured from this mixed bag of litigants." *Id.*)

**B.    The Eighth Claim under Cal. Civil Code §52 Should Be Dismissed With Regard to Plaintiff Bunton and the Class Because They Did Not File The Prerequisite State Tort Claim**

1.    Plaintiff Bunton's Damage Claim under Cal. Civil Code §52 Is Barred as a Matter of Law Because She Did Not File a Tort Claim

Plaintiff Bunton admittedly failed to file a state tort claim against Defendants.[6]  That failure is apparent on the face of the pleading.  Her failure to comply with this mandatory procedural requirement is fatal, in that she cannot maintain her claim for damages under Cal. Civil Code §52 against Defendants.  Cal. Gov't Code § 945.4.

Further, per the California Supreme Court's ruling in *San Jose*, the fact that the other four named Plaintiffs filed state tort claims cannot cure Plaintiff Bunton's failure.  They did not file their claims on behalf of Priscilla Bunton and the City's knowledge of the other claims –standing alone- constitutes neither substantial compliance nor basis for estoppel with regard to the distinct and separate state tort claim requirement for individual Plaintiff Bunton.  *City of San Jose,* 12 Cal.3d at 455. See also *Eaton,* 45 Cal.App.3d at 867 (emphasizing that the filing of a claim is not simply an exercise in paper work or a perfunctory condition precedent to instituting litigation because the purpose of the claim-filing statute is to give the public entity the opportunity to investigate and negotiate settlement of claims, and thus avoid litigation.)

In sum, it is apparent on the face of the pleading that Plaintiff Bunton admittedly failed to meet a condition precedent to her maintaining an action against Defendant for damages under Cal. Civil Code § 52.  Consequently, it is clear that no relief could be granted under any set of facts that could be proven consistent with Plaintiffs allegations because assuming the truth of all materials facts pled in the complaint, the Defendant is entitled to judgment as a matter of law on Plaintiff Bunton's Eighth Claim for Relief under Cal. Civil Code § 52, which must be dismissed.

---

[6] Exhibit A, ¶ 99, "Plaintiffs Williams, Scott, Coleman and Payne timely served notices of claims ..."

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

2.   The Class' Damage Claim under Cal. Civil Code §52 Is Barred as a Matter of Law Because Plaintiffs Williams, Payne, Scott and Coleman Filed Their State Tort Claims Only as Individuals And *Not* On Behalf of "Similarly Situated" Class Members

Based on the California Supreme Court's ruling in *San Jose*, an administrative claim may only be filed on behalf of a class if the information presented in the tort claim is in "substantial compliance" with the statutory requirements of Cal. Gov't Code § 910, meaning that the class claim must provide "sufficient information to identify and make ascertainable the class itself." *San Jose*, 12 Cal.3d at 452, 457.   The class claim must further establish a well-defined community of interest and may not contain diverse and individualized factual scenarios. *Eaton.*, 45 Cal.App.3d at 869.

Plaintiffs' claims do not meet these requirements.   First and foremost, no claim was ever submitted on behalf of the class.   It is apparent on the face of the pleading that Plaintiffs Williams, Scott, Coleman and Payne only filed individual claims on their own behalf.   (See Exhibit A, ¶ 99, Exhibit B1-B4)   The claims were not filed "on behalf of similarly situated individuals," and do not, in any other way, indicate that a class claim was submitted.   The claims do not contain sufficient information, let alone a class definition, to identify and make ascertainable a class to give the Defendant the opportunity to investigate and negotiate settlement of claims on behalf of an entire class to perhaps avoid litigation.   Again, the mere fact that four individuals filed separate claims at separate times does not put the Defendant on notice of a class claim.   *City of San Jose*, 12 Cal.3d at 455 (the City's knowledge of the other claims constitutes neither substantial compliance nor basis for estoppel.)

Further, Plaintiffs claims fail to establish a well-defined community of interest in questions of law and fact.   Rather, the claims contain diverse and individualized factual scenarios[7] and, thus, do not meet the substantial compliance requirement of a class claim.

In sum, it is apparent on the face of the pleading that the named Plaintiffs failed to meet a condition precedent on behalf of the putative class members to maintain a class action against

---

[7] The issue of individualized adjudication of Plaintiffs' claims is discussed in detail in Defendant's opposition brief to Plaintiffs' class certification motion, filed concurrently herewith, which Defendant incorporate herein.

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   Defendant for statutory damages under Cal. Civil Code § 52. Consequently, it is clear that no

2   relief could be granted under any set of facts that could be proven consistent with Plaintiffs

3   allegations because assuming the truth of all materials facts pled in the complaint, the Defendant

4   is entitled to judgment as a matter of law on the class' Eighth Claim for Relief under Cal. Civil

5   Code § 52, which must be dismissed.

6                                    **IV.    CONCLUSION**

7           In sum, it is apparent on the face of the pleading that Plaintiff Priscilla Bunton is barred

8   from seeking damages under Cal. Civil Code § 52 in this lawsuit per Cal. Gov't Code § 945.4 for

9   failure to file a government tort claim. Likewise, it is also apparent on the face of the pleading

10  and the judicially noticed claims filed by Plaintiffs Williams, Scott, Coleman and Payne, that the

11  class is barred from seeking damages under Cal. Civil Code § 52 in this lawsuit per Cal. Gov't

12  Code § 945.4 for failure to file a government tort claim. As such, Defendant respectfully asks

13  this Court to dismiss the Eighth Claim for Relief for damages under Cal. Civil Code § 52 with

14  regard to Plaintiff Bunton and the class, per FRCP 12(c) and (h)(2)(B).

15

16  Dated: December 3 , 2009            McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                                        PFALZER, BORGES & BROTHERS LLP
17

18                                      By: _____

19                                          James V. Fitzgerald, III
                                            Thomas G. Beatty
20                                          Attorneys for Defendant
                                            CITY OF ANTIOCH
21

22

23

24

25

26

27

28

Case No. C08-02301 SBA - ANTIOCH'S FRCP 12        8
MOTION TO DISMISS