UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAMS, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY OF ANTIOCH,<br><br>  Defendant. | Case No: C 08-02301 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Docket No. 173] |

The parties are presently before the Court on Defendant's Motion for Judgment on the Pleadings, which seeks to dismiss named Plaintiff Bunton and the class's claims for statutory damages under Cal. Civ. Code § 52.1, on the ground that Bunton and the class have failed to comply with the Government Tort Claims Act.  (Docket No. 173.)  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

**I.   BACKGROUND**

Plaintiffs bring this action against Defendant the City of Antioch ("City" or "Defendant") on behalf of a class of all African-Americans who have held, currently hold, may hold, or are erroneously regarded by the City and officers of the Antioch Police Department as holding, Section 8 housing vouchers, and all members of their households, who reside, have resided or will reside, in the City Antioch.  (First Amended Complaint ("FAC"), ¶ 17.) Plaintiffs allege that the City intentionally discriminates against African-American Section 8 households on the basis of race and/or source of income, and has pursued policies and practices that have an unjustified adverse impact on them.  (Id., ¶ 4.)  Plaintiffs bring claims against the City under the Fair Housing Act (42 U.S.C. §§ 3601, et seq.), 42 U.S.C. § 1983, and related

state laws. Additionally, the five named Plaintiffs – Priscilla Bunton, Santeya Williams, Mary Scott, Karen Coleman, and Alyce Payne – individually bring common law tort claims. With respect to remedies, Plaintiffs seek injunctive and declaratory relief, statutory minimum damages for the class under Cal. Civ. Code § 52.1, and individual damages and Section 52.1 statutory damages for the named Plaintiffs. (Id., ¶¶ 4, 148.)

In their complaint, Plaintiffs allege that "Plaintiffs Williams, Scott, Coleman, and Payne timely served notices of claims for money damages against the City of Antioch" for the conduct described in the complaint "pursuant to California Government Code §§ 910-886.6," and that Defendant rejected Plaintiffs' claims. (FAC, ¶ 99.) Plaintiffs further state that "[e]ach notice alleged that the conduct was part of an illegal policy and practice of discrimination targeting African-Americans who participate in the Section 8 Voucher Program in Antioch. All damage claims made in this action are incidental to and secondary to the injunctive relief claims." (Id.)

Defendant has now moved, under Fed. R. Civ. P. 12(c) and (h)(2)(B), for judgment on the pleadings. By its motion, Defendant seeks to dismiss named Plaintiff Bunton and the class's claims for statutory damages under Cal. Civ. Code § 52.1, on the ground that Bunton and the class have failed to comply with the Government Tort Claims Act. Defendant has also asked the Court to take judicial notice of the tort claim notices filed with the City by Plaintiffs Williams, Scott, Coleman, and Payne, on the grounds that they are official public records that are not subject to reasonable dispute. (Docket No. 175, Exs. B1-B4.) Plaintiffs have not indicated that they oppose that request.[1]

---

[1] Defendant's request for judicial notice is GRANTED. Defendant does not presently challenge whether Plaintiffs Williams, Scott, Coleman, and Payne complied with the Government Tort Claims Act.

## II.     DISCUSSION

### A.     LEGAL STANDARDS

#### 1.     Rule 12(c) Motion for Judgment on the Pleadings

Under Fed. R. Civ. P. 12(c) and (h)(2)(B), a motion to dismiss for failure to state a claim may be made in a motion for judgment on the pleadings after an answer has been filed. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).  In considering a Rule 12(c) motion, the Court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party."  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "A judgment on the pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is entitled to judgment as a matter of law."  Compton Unified School Dist. v. Addison, 598 F.3d 1181, 1185 (9th Cir. 2010).

"[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical."  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  Thus, a Rule 12(c) motion may be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A court may also consider, on a Rule 12(c) motion, "facts that 'are contained in materials of which the court may take judicial notice.'"  Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 at n. 18 (9th Cir. 1999) (quoting Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994)).

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989).

#### 2.     California Civil Code § 52.1 ("the Bane Act")

By their eighth cause of action, Plaintiffs allege that Defendant has violated Cal. Civ. Code § 52.1 ("the Bane Act").  Section 52.1 authorizes a claim for relief "against anyone who

interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331 (1998). The named Plaintiffs and the class also seek actual damages, including at least minimum damages of $4,000 for each offense, pursuant to Cal. Civ. Code § 52(a). (FAC, ¶ 130.) The named Plaintiffs further seek treble damages. (Id.) Section 52(a) allows the following recovery for Bane Act violations: "for each and every offense for the actual damages … up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees …."

### 3. California Government Code § 945.4 (Claim Presentation Requirement of the Government Tort Claims Act)

Cal. Gov. Code § 945.4 provides that "no suit for money or damages may be brought against a public entity … until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board …." "Unless a specific exception applies, '[a] suit for 'money or damages' includes all actions where the plaintiff is seeking monetary relief, regardless whether the action is founded in 'tort, contract or some other theory.''" Lozada v. City and County of San Francisco, 145 Cal.App.4th 1139, 1152 (2006) (citations omitted). "The claim filing requirement has been held applicable to claims arising out of negligence, nuisance, breach of statutory duties, intentional wrongs and contract." Id. (quotations omitted). "Government Code section 905 lists several exceptions to the general rule that public entities must be provided notice of all claims for money or damages." Id. (quotations omitted). "[C]laims for damages for violations of section 51 and 52.1 are not among them." Gatto v. County of Sonoma, 98 Cal.App.4th 744, 763 (2002) (finding notice provision applies to a civil action for damages under Cal. Civ. Code § 52.1).

The purpose of Section 945.4 is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." Stockett v. Association of California Water Agencies Joint Powers Ins. Authority, 34 Cal.4th 441, 446 (2004) (internal quotations omitted). Consequently, a claim

need not contain the detail and specificity required of a pleading, but need only "fairly describe what [the] entity is alleged to have done." Id.

With respect to class actions, a class claim may satisfy the claim presentation requirement of Section 945.4. City of San Jose v. Superior Court, 12 Cal.3d 447, 457 (1974); County of Los Angeles v. Superior Court, 159 Cal.App.4th 353, 362 (2008).  "[T]o satisfy the claims statutes, the class claim must provide the name, address, and other specified information concerning the *representative* plaintiff and then sufficient information to identify and make ascertainable the class itself."[2]  San Jose, 12 Cal.3d at 457 (emphasis in original).  The sufficiency of the identifying information for the class is measured by a "substantial compliance test." Id.  The substantial compliance test considers whether there is "sufficient information disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit[.]" Id. at 456; see also Connelly v. County of Fresno, 146 Cal.App.4th 29, 40 (2006) ("[I]n considering whether a claim substantially complies with the Government Tort Claims Act, the claim should be viewed in its entirety and a determination made as to whether the claim is susceptible to an interpretation that reasonably enables the public entity to make an adequate investigation.").

The claim presentation requirement does not apply to nonpecuniary actions, such as those seeking injunctive, specific, or declaratory relief. Gatto, 98 Cal.App.4th at 762.  In some situations, "a claimant may seek both damages and nonmonetary relief from a public entity in the same action, and thus invoke a basis of recovery which is not within the purview of the Tort Claims Act …." Id. at 763.  "[A]n action for specific relief does not lose its exempt status solely because incidental money damages are sought." Id.  However, "[t]he claims filing requirement remains applicable to actions in which money damages are not incidental or ancillary to any specific relief that is also sought, but the primary purpose of the action." Id.

---

[2] Defendant does not challenge the sufficiency of the information provided in the notices concerning the named Plaintiffs.

**B.   ANALYSIS**

Plaintiffs oppose Defendant's motion on two grounds. First, they assert that this suit is not subject to the Government Tort Claims Act because Plaintiffs' primary purpose is to obtain injunctive and declaratory relief. Second, Plaintiffs argue that even if this suit were subject to the Government Tort Claims Act, the tort claim notices filed by the four named Plaintiffs are sufficient to satisfy the claim presentation requirement on behalf of the class (and on behalf of class member Bunton). Neither of Plaintiffs' arguments has merit, as set forth in detail below.

### 1.   The Government Tort Claims Act Applies

In their Complaint, Plaintiffs allege, *inter alia*, violations of the Fair Housing Act and related state law, violations of their constitutional rights under Section 1983, and violations of the Bane Act. Plaintiffs seek only statutory damages in connection with their Bane Act claim, pursuant to Cal. Civ. Code § 52(a). (FAC, ¶ 28.) Notwithstanding, Plaintiffs assert that the claim presentation requirement does not apply to their Bane Act claim because the primary purpose of this action is to obtain injunctive and declaratory relief against Defendant's discriminatory policies.

In that regard, Lozada v. City and County of San Francisco, 145 Cal.App.4th 1139 (2006) is instructive. There, the plaintiff, a peace officer, brought claims against his employer the City and County of San Francisco in connection with its investigations into the plaintiff's discharge of his weapon. The plaintiff alleged violations of his constitutional rights under Section 1983, violations of the California Fair Employment and Housing Act, and violations of the Public Safety Officers' Procedural Bill of Rights Act ("POBRA"). Id. at 1148. With his POBRA claim, the plaintiff sought injunctive relief, back pay, general damages, civil penalties provided for in the statute, punitive damages, and prejudgment interest. Id. at 1149, 1164. The trial court granted the defendant's summary judgment motion with respect to the plaintiff's POBRA claim, on the ground that the plaintiff had failed to comply with the notice requirements of the Government Tort Claims Act.

On appeal, the plaintiff argued that the notice requirements did not apply because he sought injunctive relief in connection with this POBRA claim, and that his claim for damages

- 6 -

was "incidental" to the primary injunctive relief sought. Id. at 1147. The appeals court rejected that argument, explaining "[w]hile there appears to be a split of authority over whether money damages that may be 'incidental' to a claim for equitable relief are subject to the claim filing requirement of the Government Claims Act, we are aware of no case that holds that civil penalties of the type sought here ($25,000 per incident) and actual damages that are the primary relief sought and not merely 'incidental' to injunctive or other extraordinary relief, do not constitute a claim for 'money or damages' in the first instance." Id. at 1163-1164.[3]

That same rational applies here to Plaintiffs' Bane Act claim with even greater force. Again, the sole remedy Plaintiffs seek with their Bane Act claim is damages, including at least minimum damages of $4,000 for each offense, pursuant to Cal. Civ. Code § 52(a). (FAC, ¶ 130.) By Plaintiffs' own estimate, the proposed class comprises approximately 1,000 members, which would lead to statutory minimum damage award of $4 million for the class. (See Docket No. 90, Plaintiffs' Motion for Class Certification.) Additionally, the named Plaintiffs seek up to treble their actual damages. Plaintiffs have cited no authority finding such a damage amount to be "ancillary" or "incidental." Instead, Plaintiffs attempt to shift the focus away from that significant damage amount by asserting that the primary purpose of this action, as a whole, is to obtain injunctive and declaratory relief. The primary cases that Plaintiffs rely on as finding damage claims incidental to an action seeking primarily injunctive relief – namely, Gibson v. County of Riverside, 181 F.Supp.2d 1057 (D.C. Cal. 2002) and Indep. Hous. Servs. of San Francisco v. Fillmore Center Assoc., 840 F.Supp. 1328 (N. D. Cal. 1993) – are not instructive, as they fail to indicate the amount of damages sought by plaintiffs in those actions. Nor do those cases provide any guidance as to what should be considered "ancillary" or "incidental" damages.

Accordingly, this Court finds that Plaintiffs' Bane Act claim is subject to the claim

---

[3] The contrary authority mentioned by the Lozada court includes TrafficSchoolOnline, Inc. v. Clarke, 112 Cal.App.4th 736 (2003) and CSEA v. Governing Board, 124 Cal.App.4th 574 (2004), which the Lozada court described as "both rejecting view that monetary relief, even if 'incidental' to injunctive or declaratory relief, is not an action for money or damages under sections 945.4 and 905." Lozada, 145 Cal.App.4th at 1164.

1 presentation requirement of the Government Tort Claims Act.

### 2. Plaintiffs Have Not Shown Substantial Compliance with the Claims Presentation Requirement on Behalf of the Class

Plaintiffs argue that even if their Bane Act claim were subject to the Government Tort Claims Act, the claim notices of the four named Plaintiffs meet the "substantial compliance" test for notice of a class claim by identifying a class of African-American residents of Antioch who receive Section 8 benefits. Specifically, the notices assert that the actions of Antioch police officers against the named Plaintiffs "were part of the Department's illegal policy and practice of discriminatory targeting of African-American families like mine who participate in the federal Section 8 housing subsidy programs in Antioch." (RJN, Exs. B1-B4.) Again, "in considering whether a claim substantially complies with the Government Tort Claims Act, the claim should be viewed in its entirety and a determination made as to whether the claim is susceptible to an interpretation that reasonably enables the public entity to make an adequate investigation." Connelly, 146 Cal.App.4th at 40.

In this case, Plaintiffs rely on California School Employees Ass'n v. Tustin Unified School Dist., 148 Cal.App.4th 510 (2007) to support their argument that the named Plaintiffs' notices substantially complied with the notice requirements for a class claim. There, the court found that a claim notice filed by a labor union on behalf of one member satisfied the notice requirements for claims brought by other members of union's bargaining unit. Id. at 524. That case is distinguishable. There, the claim was filed by the labor union (CSEA), not by the individual plaintiff, and alleged "[t]he losses incurred by CSEA are the unknown losses which will be incurred by members of its bargaining unit who will not be paid ... because of the District's failure to follow Education Code requirements." Id. (emphasis added). The court found that "CSEA's claim thereby put the School District on notice the CSEA was challenging the School District's practice as applied in the present to [plaintiff], and in the future to similarly situated employees." Id.

Unlike California School Employees Ass'n, here, the four notices were filed by the named Plaintiffs as individuals. The notices were not filed by a group or organization on

behalf of the named Plaintiffs.  In addition, those notices refer only to harm that the named Plaintiffs alleged to have suffered individually.  Specifically, each notice describes the named Plaintiff's specific interactions with the Antioch officers, the alleged illegality of the officers' conduct, and the resulting personal injury and constitutional violations suffered by the named Plaintiff.  (See e.g., RJN, Ex. B1: "My family and I suffered personal injury, emotional distress, injury to our reputation, property damage, and other losses, including per se damages based on the deprivation of our civil and constitutional rights, in an amount exceeding $25,000.") (nearly identical language is also found in Exs. B2-B4).  In contrast to the union's notice in California School Employees Ass'n, the notices here do not refer to any relief sought by individuals other than the named Plaintiffs.  Moreover, while the notices assert that the actions of the officers "were part of the Department's illegal policy and practice of discriminatory targeting of African-American families like mine who participate in the federal Section 8 housing subsidy programs in Antioch," that individualized language is not susceptible to an interpretation that reasonably enables the City to adequately investigation a class discrimination claim. (RJN, Exs. B1-B4.)  As noted by Defendant, that language could reasonably be interpreted as an allegation of municipality liability under Section 1983.  See Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) ("A municipality may be held liable under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (quoting Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978)).

For the forgoing reasons, the notices of the four named Plaintiffs do not satisfy the claim presentation requirement of Section 945.4 for a class claim.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendant's Motion for Judgment on the Pleadings, seeking to dismiss named Plaintiff Bunton and the class's claims for statutory damages under Cal. Civ. Code § 52.1, is GRANTED.

This Order terminates Docket No. 173.

1 | IT IS SO ORDERED.

Dated: September 2, 2010

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge