UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAMS, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF ANTIOCH,<br><br>　　　　Defendant. | Case No: C 08-02301 SBA<br><br>**ORDER DENYING PLAINTIFFS'<br>MOTION FOR BIFURCATION**<br><br>[Docket No. 124] |

The parties are presently before the Court on Plaintiffs' Motion for Bifurcation, whereby Plaintiffs seek an order bifurcating this action into liability and damages phases, both for trial and discovery purposes. (Docket No. 124.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

I.　**BACKGROUND**

Plaintiffs bring this action against Defendant the City of Antioch ("City" or "Defendant") on behalf of a class of all African-Americans who have held, currently hold, may hold, or are erroneously regarded by the City and officers of the Antioch Police Department as holding, Section 8 housing vouchers, and all members of their households, who reside, have resided or will reside, in the City Antioch. (First Amended Complaint ("FAC"), ¶ 17.) Plaintiffs allege that the City intentionally discriminates against African-American Section 8 households on the basis of race and/or source of income, and has pursued policies and practices that have an unjustified adverse impact on them. (Id., ¶ 4.) Plaintiffs bring claims against the City under the Fair Housing Act (42 U.S.C. §§ 3601, et seq.), 42 U.S.C. § 1983, and related state laws. Additionally, the five named Plaintiffs – Priscilla Bunton, Santeya Williams, Mary

Scott, Karen Coleman, and Alyce Payne – individually bring claims for negligent and intentional infliction of emotional distress, and for tortious interference with contractual relationship.  With respect to remedies, Plaintiffs seek injunctive and declaratory relief, statutory minimum damages for the class under Cal. Civ. Code § 52.1, and individual damages and Section 52.1 statutory damages for the named Plaintiffs.  (Id., ¶¶ 4, 148.)

Plaintiffs have now moved under Federal Rule of Civil Procedure 42(b) for an order bifurcating this action into liability and damages phases, both for trial and discovery purposes.  (Docket No. 124.)  Defendant has opposed this motion.

## II.    ANALYSIS

### A.    LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that  "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."   The following factors should be considered in assessing whether bifurcation is appropriate: (1) the complexity of the issues; (2) whether there would be a risk of jury misunderstanding in a non-bifurcated trial; (3) whether bifurcation would facilitate disposition of the issues; and (4) whether bifurcation would prejudice either of the parties.  Arnold v. United Artists Theatre Circuit, Inc., 158 F.R.D. 439, 459 (N.D. Cal. 1994).  The decision whether to bifurcate a proceeding under Rule 42(b) is committed to the sound discretion of the district court.  Davis & Cox v. Summa Corp., 751 F.2d 1507, 1517 (9th Cir. 1985).

### B.    BIFURCATION IS NOT WARRANTED IN THIS CASE

As indicated, Plaintiffs in this action seek injunctive and declaratory relief, statutory minimum damages for the class under Cal. Civ. Code § 52.1, and individual damages and Section 52.1 statutory damages for the named Plaintiffs.  Plaintiffs seek to bifurcate adjudication of the issues of liability and injunctive and declaratory relief from adjudication of all damages claims – including Section 52.1 statutory damages for the class and the named Plaintiffs, and individual damages for the named Plaintiffs.

In support of their motion, Plaintiffs rely heavily on Arnold, in which the court

1 considered a similar motion to bifurcate the liability and damages phases of a disability access
2 class action. There, the plaintiffs sought statutory minimum damages for the class under
3 Section 52.1, and also sought individual damages for the named plaintiffs. In <u>Arnold</u>, the court
4 concluded that "bifurcation of the adjudication of the issues of liability, injunctive and
5 declaratory relief, and damages to the named plaintiffs, from the adjudication of class damages
6 is appropriate." <u>Arnold</u>, 158 F.R.D. at 459.

7 However, in this case, the Court has dismissed the class Plaintiffs' (and named Plaintiff
8 Bunton's) Section 52.1 statutory damage claims for failure to comply with the Government
9 Tort Claims Act. (<u>See</u> Order Granting Defendant's Motion for Judgment on the Pleadings.)
10 As such, the only damage claims that remain are the individual damage claims of the five
11 named Plaintiffs, and the Section 52.1 statutory damage claims of four of the named Plaintiffs
12 (Williams, Scott, Coleman, and Payne). In <u>Arnold</u>, the Court only bifurcated the Section 52.1
13 class damages claim; that court found it appropriate to adjudicate the damages to the named
14 plaintiffs at the same time as the issues of liability and injunctive and declaratory relief.
15 Accordingly, <u>Arnold</u> counsels against bifurcation in this case.

16 Plaintiffs' remaining arguments regarding complexity of the issues, risk of jury
17 misunderstanding, and facilitation of disposition of the issues also fail because they are
18 premised on pursuit of Section 52.1 damages. To the extent Plaintiffs address the named
19 Plaintiffs' <u>individual</u> damage claims, they simply argue that those claims are distinct from class
20 liability, raise separate issues (*i.e.*, emotional distress), and would potentially be confusing to
21 the jury. However, the damage claims of the five named Plaintiffs all arise from the same
22 discriminatory actions, policies, and practices complained of generally by the entire class of
23 Plaintiffs. These actions, policies, and practices of Defendant form the basis of Plaintiffs'
24 liability claim. Specifically, the named Plaintiffs seek damages arising from their interactions
25 with the City's police officers when they were allegedly targeted due to their status as African-
26 American Section 8 households. (FAC, ¶¶ 131-141.) As such, the argument that these
27 Plaintiffs' damage claims are distinct from the question of liability -- and that the issues would
28 be too complex and confusing for a jury to hear together -- is not compelling. Nor is the

1  number of named Plaintiffs so great that adjudicating their damage claims along with liability
2  would add unnecessary complexity to this action.

3  **III.    <u>CONCLUSION</u>**

4      For the reasons stated above, IT IS HEREBY ORDERED THAT Plaintiffs' Motion for
5  Bifurcation is DENIED.

6      This Order terminates Docket No. 124.

7      IT IS SO ORDERED.

8  

9  Dated: September 2, 2010                                    _____
10                                                           SAUNDRA BROWN ARMSTRONG
                                                          United States District Judge