Brad Seligman (SBN 083838)
bseligman@impactfund.org
Jocelyn D. Larkin (SBN 110817)
IMPACT FUND
125 University Ave., Suite 102
Berkeley, CA 94710
Telephone: (510) 845-3473
Facsimile: (510) 845-3654

Attorneys for Plaintiffs and the Certified Class

[Additional counsel listed on last page]

James V. Fitzgerald, III (SBN 55632)
Thomas G. Beatty (SBN 75794)
McNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA 94596
Telephone:  925.939.5530
Facsimile:  925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SANTEYA DANYELL WILLIAMS, MARY RUTH SCOTT, KAREN LATREECE COLEMAN, PRISCILLA BUNTON, and ALYCE DENISE PAYNE, on behalf of themselves and all others similarly situated,

　　　　　Plaintiffs,

　　vs.

CITY OF ANTIOCH,

　　　　　Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: C-08-2301 SBA

**JOINT MOTION IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

　　　The parties have reached a class action settlement of this matter, a copy of which is attached as Appendix A to this motion. The parties jointly move for an order preliminarily approving this class action settlement and the proposed class notice plan. This motion is based on this Motion, and the accompanying declaration of Brad Seligman, and the proposed Order.

## I.   **INTRODUCTION**

This lawsuit was filed as a class action in July 2008 by five African-American women participating in the Section 8 Housing Choice Voucher program.  The lawsuit alleges that the City of Antioch and its Police Department (collectively, "Antioch") discriminated against African-American Section 8 families based on their race and Section 8 status.  Plaintiffs sought damages and injunctive relief.

Antioch denies the allegations of the lawsuit, denies that it has discriminated on the basis of race or Section 8 status, and alleges that CAT has been engaged in legitimate community policing efforts intended to ensure the safety and well-being of its citizens. Antioch further denies that plaintiffs have suffered any injury as a result of defendant's conduct.

The parties engaged in extensive settlement negotiations after significant class certification discovery and motion practice.  A settlement agreement has been reached and, together, the parties seek this Court's preliminary approval of the agreement and of the class notice plan.

## II.   **STATEMENT OF FACTS**

### a.  **History of Litigation**

Plaintiffs filed this class action lawsuit against Antioch in the United States District Court for the Northern District of California, Case No. C08-2301 SBA, alleging among other claims, intentional discrimination based on race and Section 8 status, and discrimination based on the disparate statistical impact of CAT's policies on African-American Section 8 subsidy recipients.  Plaintiffs sought individual damages and declaratory and injunctive relief on behalf of a class of similarly situated African-American Section 8 residents in Antioch.  The First Amended Complaint also sought statutory damages for the class under the Bane Act (California Civil Code §52.1).

Antioch denied the allegations and disputed that any relief was justified, maintaining that the Antioch Police Department, including the police department's Community Action Team, was focused on responding to complaints regarding nuisance, crime, and drug activity.

The parties undertook substantial pre-class certification discovery, including more than two dozen depositions, and extensive document and data discovery.  In addition, the parties proffered numerous expert witness reports. Plaintiffs filed a motion for class certification on October 26, 2009, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2).  In response, Defendant filed an opposition to the motion for certification, as well as a motion for a judgment on the pleadings to dismiss the damage claims under the Bane Act for Plaintiff Priscilla Bunton and the class, on the grounds that there had been a failure to comply with the Government Tort Claims Act.

On September 2, 2010, the Court ruled on the respective motions.  The court granted Plaintiffs' motion to certify the class, defined as "all African-Americans who have held, currently hold, or may hold Section 8 housing vouchers, and all members of their households, who reside, have resided or will reside, in the City of Antioch."  The Court then granted Defendant's motion, dismissing claims for statutory damages for Bunton and the class.

### b.  Settlement Negotiations

The parties attended two settlement conferences before then-Magistrate Judge James Larson on August 18, 2009 and. May 18, 2011.   On  September 29, 2011, the parties met for a third extended mediation session at Judge Larson's private offices.  Negotiations continued thereafter with telephone communications assisted by Judge Larson for several weeks.  Once an agreement in principle was reached, the parties exchanged multiple drafts and met both in person and over the telephone and e-mail to reach a final agreement.   The Settlement Agreement provides for a final and negotiated resolution of Plaintiffs' damages claims, class injunctive relief and attorneys' fees and costs.

### III.  SUMMARY OF SETTLEMENT TERMS

The Settlement, which is attached to this motion as Appendix A, provides, in summary, that:

1.  The City of Antioch will not publicly identify African-American Section 8 recipients, except as allowed in ¶ 1c. Agreement at ¶ 1b.

2.  The City of Antioch will not focus on African-American Section 8 recipients on either

- 3 -

the basis of their race or Section 8 status in its policing efforts, except when race is used specifically to identify a suspect. Agreement at ¶ 1e.

3.  The Antioch Police Department will send copies of any communications it sends to the Housing Authority of Contra Costa County regarding complaints about identified Section 8 recipients to the Impact Fund for three years. Agreement at ¶ 1c.

4.  The City of Antioch will not retaliate against the five named Plaintiffs or those family members of the Plaintiffs approved to live in their household by the Housing Authority. Agreement at ¶ 1d

5.  Plaintiffs will dismiss this case with prejudice within 30 days of the Court's final approval order of the Settlement.  Agreement at ¶4.

6.  The Court will retain jurisdiction to enforce the Settlement and consider claims of violations of the Settlement for three years following the Final Approval Order.  Any disputes arising under the Settlement will be heard by Magistrate Judge Jacqueline Corley.   Agreement at ¶4.

7.  The City of Antioch will pay $180,000.00, to be divided equally among the five named Plaintiffs. Agreement at ¶1a.

8.  Defendant has agreed to pay Plaintiffs' counsel in partial compensation for attorneys' fees and costs of the Civil Action in the sum of $180,000.00.  Agreement at ¶11.

9.  The five Named Plaintiffs release and settle all of their claims against the City arising out of the action.  Class members who are not Named Plaintiffs release their injunctive and declaratory relief claims, but do not release any individual claims for monetary relief. Agreement at ¶7.

## IV.  **ARGUMENT**

The parties believe that this Settlement Agreement meets all the requirements of Federal Rule of Civil Procedure Rule 23(e) and should be approved by this Court.

### a.  **The Settlement Agreement Is Fundamentally Fair, Reasonable and Adequate**

Under Rule 23(e), the question to be decided by this Court is whether this settlement agreement is "fundamentally fair, reasonable, and adequate." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1097, 1100 (9th Cir. 2008). To do so, the Ninth Circuit requires that a "court's intrusion upon what is otherwise a private consensual agreement. . . must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties." *Officers for Justice v. Civil Service Comm.*, 688 F.2d 615, 625 (9th Cir. 1982). In this task, the trial court must recognize that the settlement is "the offspring of compromise." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Thus the question is not whether "the final product could be prettier, smarter or snazzier" but, instead, whether the agreement, as it has been reached, is fair to the class overall. *Id.*; *Officers for Justice*, 688 F.2d at 625 (trial court should not judge the proposed settlement against a speculative measure of what might have been achieved).

Typically, in its evaluation of the proposed settlement, the court will consider several factors. The following elements are often among those weighed in this consideration: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the extent of discovery completed and the stage of the proceedings; (4) the experience and views of counsel; (5) and the relief offered in the settlement. *Hanlon*, 150 F.3d at 1026; *Officers for Justice*, 688 F.2d at 625. The degree of importance attached to each factor is determined by the nature of the claim brought, the type of relief sought, and the facts and circumstances of the case. *Officers for Justice*, 688 F.2d at 625. While considering these factors, a court should be mindful that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d at 1101; *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (same); *Officers for Justice*, 688 F.2d at 625 ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution."); *Robinson v. Shelby Cty. Bd. of Educ.*, 566 F.3d 642, 648 (6th Cir. 2009) ("it is also well-established that '[p]ublic policy strongly favors settlement of

disputes without litigation. . . .Settlement agreements should therefore be upheld whenever equitable and policy considerations so permit.'") (citation omitted, ellipses in original).[1]

### i.  The Settlement Agreement Resolves Heavily Disputed Claims

The settlement agreement resolves all claims remaining after the court's judgment on the pleadings which precluded class damages in this action. As the class certification motion papers demonstrated,  this was a heavily disputed case, with each side presenting fundamentally different factual and legal arguments. With class damages precluded, plaintiffs' primary concern was how, on an ongoing basis, the Antioch police department's community policing efforts impacted African American Section 8 families. In determining whether the settlement is fair, reasonable and adequate, the "primary concern" of the court is how the substantive terms of the agreement address plaintiffs' objections to Antioch's practices. *Hanlon*, 150 F.3d at 1027 ("Of course it is possible. . .that the settlement could have been better" but proper settlement requires addressing plaintiffs' "primary concern" in a fair and adequate manner, free of collusion).

The settlement addressed this primary concern by specifying the parties' agreement regarding treatment of the class. Under the agreement, Antioch agrees to not focus on African-American Section 8 recipients on either the basis of their race or Section 8 status in its policing efforts. Agreement at ¶1e.  Antioch agrees not to publicly identify African American Section 8 recipients. Agreement at ¶1b.  Additionally, the Antioch Police Department agrees to submit for review by one of Plaintiffs' counsel (The Impact Fund) any complaints about Section 8

---

[1]  Courts generally evaluate settlements in a three-step process: (1) *Preliminary Hearing.*  The court ordinarily holds a preliminary hearing to determine whether there is a likelihood it could approve the settlement *before* conducting a full "fairness hearing." *Hanlon*, 150 F.3d at 1026-27. (2) *Notice to the Class.*  If preliminary approval is given, notice of the proposed dismissal or compromise must be provided to all class members in such manner as the court directs. Fed. R. Civ. Proc. 23(e).  Once the court approves the notice, it is sent to class members.  4 Newberg on Class Actions § 11:24. (3) *Fairness Hearing.*  Following notice to the class members, a hearing is held on the proposed settlement at which proponents of and objectors to the settlement may be heard. *Hanlon*, 150 F.3d at 1026-27.  The court then approves or disapproves of the settlement. *Id.* at 1027.

recipients that it forwards to the Housing Authority of Contra Costa County, thereby providing a check on improper actions in the future that might affect Section 8 recipients. Agreement at ¶1c. Finally, Antioch agrees not to retaliate against Named Plaintiffs or certain family members approved to live with them.  Agreement at ¶1d.

In addition, the Agreement provides that these provisions will be enforced under the jurisdiction of the federal court for three years, providing added protection for plaintiffs and the class.  To preserve the resources of the court, the parties have agreed that disputes will be initially submitted for resolution to Magistrate Judge Corley. Agreement at ¶4. [2]

ii.   The Settlement Agreement Provides Benefits to Members of the Class

The class members are the beneficiaries of the Settlement Agreement provisions that address the future conduct of Antioch, and thus they get the full benefit of its term  over the next three years.  The Court dismissed the statutory damages claim for the class under the Bane Act in its September 2, 2010 order.  Docket No. 203.   The Settlement does not affect the damages claims, if any, that members of the class (other than the named plaintiffs) may have, as those potential claims are not released by the settlement.  Agreement at ¶8.

The damage awards to the five Named Plaintiffs ($36,000 each) represent a fair compromise of their claims in light of the evidence and the risks of trial and potential appeal. Seligman Declaration at ¶ 5 .

iii.   Further Litigation Would be Risky, Expensive and Complex

Antioch has entered into this Settlement without admitting any wrongdoing or liability and the court has made no findings as to liability as to Defendants City of Antioch, the Antioch Police department or any Antioch police officer. If this case does not settle, the result would be protracted litigation that would involve considerable costs and a significant investment of time by plaintiffs, defendant, and their respective counsel, and would burden the resources of this

[2]  The magistrate's determinations are subject to appeal to the Court.  See N.D. Cal. Local Rule 72-3.

Court. The litigation would include additional motion practice, trial, and potential appeal. As the case seeks injunctive relief for the class, there was a risk that the case would become moot if the police department abolished the Community Action Team and ceased the disputed enforcement activities. Counsel acknowledge the risk of pursuing litigation, and believe it to be in the best interests of their respective clients to resolve this matter without further litigation. *Davis v. City and County of San Francisco*, 890 F.2d 1438, 1445 (9th Cir. 1989) (district court's approval of settlement affirmed, in part, because city had risks in continuing litigation, discovery in the case was substantially complete, and a "trial on harassment issues would have been long and complex").

In addition, the parties have, for purposes of settlement, agreed to an amount for attorney fees and costs ($180,000) that is markedly below the lodestar amount that plaintiffs' attorneys have incurred in the litigation to date. Due to its complexity and the size of the record, this case has been extremely time consuming and expensive, and the current lodestar for plaintiffs' attorneys is over $3.4 million, with out of pocket costs exceeding $100,000. Seligman Declaration at ¶ 9. Further litigation would greatly increase Defendant's already substantial potential fees liability.

Nothing about the posture or nature of this case indicates a certain benefit in proceeding with litigation. All the factors demonstrate the benefit of approving settlement at this stage. *In re Syncor ERISA Litig.*, 516 F.3d at 1101; *Class Plaintiffs*, 955 F.2d at 1276; *Officers for Justice*, 688 F.2d at 625.

### iv. The Settlement Was Reached Through Fair and Non-Collusive Negotiations

The negotiations in this case reflect arms-length dealings and the absence of collusion. *See* Seligman Decl. at ¶ 3; *see also* 4 Newberg on Class Actions §11:42 ("An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining."). The parties aggressively litigated the case. The settlement negotiations were difficult and spanned three different settlement conferences before Judge

Larson as well as numerous phone calls and e-mail exchanges.   Counsel at all times provided their respective clients with zealous representation.   The entire Antioch City Council reviewed and approved the final agreement in a closed-session meeting on October 25, 2011.

> v.   The Attorneys Recommending Settlement Are Competent and Experienced

All parties in this action were represented by experienced counsel.  Plaintiffs' legal team includes very experienced attorneys with substantial experience in constitutional law and civil rights class action litigation.  The public interest law firms and private counsel involved in this case shared plaintiffs' objective of ensuring that the constitutional and statutory rights of African-American Section 8 recipients would be protected.  Their expertise and experience in class action litigation has enabled them to evaluate the fairness and adequacy of the Settlement.

> b. **The Proposed Notice Comports with Due Process and Rule 23(e)**

The Settlement sets out the means of notice to class in compliance with Rule 23 ("Class Notice").  To satisfy due process, the manner of notice must be reasonable and conducted in a way that does not systematically leave any group without notice.  *Officers for Justice*, 688 F.2d at 624; *see also* Fed. R. Civ. Proc. 23(e)(1) (The Court "must direct notice in a reasonable manner").  Counsel for Plaintiffs will seek an updated class list from the Housing Authority of Contra Costa County ("HACCC"), which has jurisdiction over Antioch Section 8 participants. Plaintiffs' counsel will combine this list with any other data sources that they currently have in their possession to create the most complete class member list possible.  The actual Class Notice (which has been agreed to by the parties and is attached to the settlement agreement) provides the class members with a description of the injunctive terms of the Settlement, the right to object to the Settlement at the final approval and fairness hearing, the partial reimbursement of attorneys' fees, and the settlement amount for the Named Plaintiffs. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 962-963 (9th Cir. 2009) ("Settlement notices are supposed to present information about a proposed settlement neutrally, simply and understandably.").

1        Class Notice will be mailed, published and publicly posted. Specifically, Class Notice

2   will be mailed to the last known address of each class member on the updated class list.

3   Agreement at ¶9.  Class Notice mailed to a Section 8 voucher holder shall be considered notice

4   for all members of his or her household. Class Notice will also be posted on the web sites for

5   the City of Antioch, the Impact Fund, and the American Civil Liberties Union. Class Notice

6   will be posted in the offices of Housing Authority of Contra Costa County and the Contra Costa

7   Department of Social Services subject to the consent of the agencies' respective directors,

8   which shall be obtained by Plaintiffs' counsel.  Class Notice will be posted in the public area at

9   City Hall in a location where public or community notices are usually posted.

10  **V.  CONCLUSION**

11       For the foregoing reasons, the parties respectfully request that this Court preliminarily

12  approve this Settlement and direct the implementation of the plans for Class Notice.

14  Dated: _12/16/11_____       By:    ___/s/ Brad Seligman_____

15                                                    Brad Seligman

16                                                    IMPACT FUND

                                                  Attorneys for Plaintiffs and the Certified

17                                                    Class

19  Dated: _12/15/11_____       By:    _____

20                                                    James V. Fitzgerald, III

21                                                    Thomas G. Beatty

                                                  McNAMARA, NEY, BEATTY,

22                                                    SLATTERY, BORGES & AMBACHER

                                                  LLP

23                                                    Attorneys for Defendant

- 10 -

American Civil Liberties Union Foundation
of Northern California
ALAN L. SCHLOSSER (SBN 49957)
aschlosser@aclunc.org
39 Drumm St.
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

Lawyers' Committee For Civil Rights of the
San Francisco Bay Area
OREN M. SELLSTROM (SBN 161074)
osellstrom@lccr.com
131 Steuart St., Suite 400
San Francisco, CA 94105
Telephone: (415) 543-9444
Facsimile: (415) 543-0296

Public Advocates, Inc.
RICHARD A. MARCANTONIO (SBN 139619)
rmarcantonio@publicadvocates.org
131 Steuart St., Suite 300
San Francisco, CA 94105
Telephone: (415) 431-7430
Facsimile: (415) 431-1048

Attorneys for Plaintiffs

Bingham McCutchen LLP
FRANK KENNAMER (SBN 157844)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: 415.393.2000

Covington & Burling,
HAYWOOD GILLIAM, Jr. (SBN 172732)
hgilliam@covington.com
One Front St.
San Francisco, CA 94111
Telephone: 415.955-6530

Attorneys for Plaintiffs

# Appendix 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between SANTEYA
DANYELL WILLIAMS; MARY RUTH SCOTT; KAREN LATREECE COLEMAN;
PRISCILLA BUNTON, and ALYCE DENISE PAYNE ("NAMED PLAINTIFFS") and others
similarly situated as to injunctive relief and statutory damages pursuant to the Class Certification
Order dated September 2, 2010 ("Settlement Class") (collectively "PLAINTIFFS") and the CITY
OF ANTIOCH ("ANTIOCH") (collectively "PARTIES").

## RECITALS

A.  PLAINTIFFS filed this class action lawsuit against ANTIOCH in the United
States District Court for the Northern District of California, Case No. C08-2301 SBA, alleging
among other claims, intentional discrimination based on race and Section 8 status, and
unintentional discrimination based on a disparate statistical impact of ANTIOCH'S Community
Policing policies on African-American Section 8 subsidy recipients.  PLAINTIFFS sought
damages, injunctive relief, and attorneys' fees for the matters alleged in the complaint on behalf
of themselves and similarly situated persons (the "Civil Action").

B.  ANTIOCH denied the allegations of the Civil Action and disputed that any
relief was justified maintaining that the Antioch Police Department, including the Community
Action Team, was focused on responding to complaints regarding nuisance, criminal and drug
activity.  There was no finding of intentional discrimination against any individual ANTIOCH
police officer or the Antioch Police Department in the course of the Civil Action.

C.  On September 2, 2010, the Court certified, for claims of injunctive relief only,
a class defined as all African-Americans who have held, currently hold, or may hold Section 8

housing vouchers, and all members of their households, who reside, have resided or will reside, in the City of Antioch. These injunctive relief class members are PARTIES in addition to the PLAINTIFFS and ANTIOCH. The Court also granted ANTIOCH's motion for judgment on the pleadings denying the injunctive relief class members from seeking statutory damages in the Civil Action.

> D. The PARTIES have conducted sufficient discovery to allow them to fully evaluate their legal positions. PLAINTIFFS have reviewed voluminous documents and taken depositions of numerous City and police officials.

> E. The PARTIES wish to resolve the Civil Action.

> F. The PARTIES voluntarily and freely enter this Agreement for that purpose.

In consideration of the terms set forth below, the PARTIES, intending to be legally bound, enter into this Agreement and agree to execute this document as a full and complete release of PLAINTIFFS' claims, providing the following terms and conditions are complied with:

## AGREEMENT

1.   **Consideration.** In consideration of the promises contained herein, ANTIOCH agrees as follows:

> **1a.** NAMED PLAINTIFFS will be paid the total amount of $180,000.00 (ONE HUNDRED AND EIGHTY THOUSAND DOLLARS) within 30 days after dismissal of the Civil Action. This sum shall be divided equally among the five NAMED PLAINTIFFS.

> **1b.** ANTIOCH agrees that it will not publicly identify African American Section 8 recipients except as allowed for in paragraph 1c. herein.

**1c.**   ANTIOCH's Police Department agrees to send copies of any communications  it sends to the Housing Authority of Contra Costa County ("HACCC") regarding complaints about identified Section 8 recipients, within 30 days of transmission to HACCC, to the Impact Fund for three years after the date of the Final Approval Order.

**1d.** From the date of this Agreement, ANTIOCH agrees not to retaliate against NAMED PLAINTIFFS or family members residing in the NAMED PLAINTIFFS' Section 8 household at the time of the alleged retaliation, if HACCC has been notified of the family member or, if approval is required, if HACCC has approved the family member prior to the alleged retaliation.

**1e.**   ANTIOCH agrees not to focus on African American Section 8 recipients on either the basis of their race or Section 8 status in its Policing efforts, except when race is used as a suspect specific identifier.

2.     **Definition of Settlement Class.**   For purposes of this Agreement, the SETTLEMENT CLASS is defined in the same way as the class certified for litigation by the Court on September 2, 2010.   That definition is:

all African-Americans who have held, currently hold, or may hold Section 8 housing vouchers, and all members of their households, who reside, have resided or will reside, in the City of Antioch.

3.     **Consideration of Attorneys' Fees And Costs.**   Except as provided in paragraph 11 below, each of the PARTIES will bear their own attorneys' fees and costs.

4.     **Dismissal and Continuing Jurisdiction.**  PLAINTIFFS will dismiss this Civil

Action with prejudice within 30 days of the Final Approval Order.  The Court will retain

jurisdiction to enforce this Agreement for three years following the Final Approval Order.

Magistrate Judge Corley will be appointed under FRCP 53 to act as a Magistrate Judge to

consider claims of violations of the Agreement.

5.     **No Admission of Liability.**  The PARTIES acknowledge and agree that this

Agreement and compliance with this Agreement shall not constitute or be construed as an

admission of liability or fault by ANTIOCH or any of ANTIOCH'S employees.  The PARTIES

further acknowledge that ANTIOCH disputes PLAINTIFFS' allegations and that this Agreement

is made by ANTIOCH to avoid the cost of litigation.

6.     **No Pending Litigation.**  PLAINTIFFS represent that, other than the Civil Action,

they do not presently have on file any complaints, grievances, charges or claims against

ANTIOCH or any other employee of the CITY OF ANTIOCH.

7.     **Release By Named Plaintiffs;**     In return and in consideration of the promises

contained herein, NAMED PLAINTIFFS release, and absolutely and forever discharge

ANTIOCH and its predecessors, successors, assigns, and each past or present official, employee,

agent, representative, officer, and any other person or firm who, previously or hereinafter, is

affiliated in any manner with any of the above ("RELEASEES"), from any and all claims,

demands, causes of action, obligations, liens, expenses, costs, damages, attorneys' fees, claims

for injunctive and declaratory relief and liabilities which NAMED PLAINTIFFS ever had, now

have, or may hereinafter have, against any of them by reason of any act, cause, matter or event

whatsoever to the date of this Agreement, whether known or unknown, arising directly or

indirectly out of or in any way connected with, or based upon, or in any way related to, the

subject matter of the Civil Action.  NAMED PLAINTIFFS agree to defend, indemnify and hold harmless RELEASEES against any and all lien claims against NAMED PLAINTIFFS by health care providers, hospitals, clinics, EMS first responders, health maintenance organizations, workers compensation carriers, or agents/entities retained on their behalf to recoup medical costs, respecting any services, payments, benefits, compensation or indemnification of any kind related in any way to injuries suffered or incurred by NAMED PLAINTIFFS arising directly or indirectly out of or in any way connected with, or based upon or in any way related to, the subject matter of the Civil Action.

      **8.**    **Release by Settlement Class Members.**

          a.   The members of the SETTLEMENT CLASS release all claims for classwide injunctive and declaratory relief that the members of the SETTLEMENT CLASS may have against ANTIOCH arising from the Civil Action.

          b.   The members of the SETTLEMENT CLASS who are not NAMED PLAINTIFFS do not release any claims for individual monetary relief, including, civil penalties, compensatory or punitive damages that were or may have been asserted in this case.

    **9. Notice to Class.**  In compliance with Federal Rule of Civil Procedure 23, the PARTIES agree to the following notice plan:

    a.  Updated Class List:  The PLAINTIFFS will request and obtain an updated list of Section 8 recipients living in Antioch from the Housing Authority of Contra Costa County no less than 30 days prior to submission of the Agreement for preliminary approval.   The PLAINTIFFS will combine this list with any other data sources that they currently have in their possession to create the most complete class member list possible.

b.   <u>Notice</u> - Class Notice shall be provided to the Class List in a form approved by the Court.  The Parties' proposed Notice is attached hereto as Exhibit A.  The Notice provides class members with a description of the injunctive terms of the Agreement, the right to object to the Agreement at the Final Approval and Fairness Hearing, the request for attorneys' fees, and the settlement amounts for the NAMED PLAINTIFFS.

c.   <u>Notice Plan</u> -

1.   Class Notice will be distributed and posted in the manner set forth below not later than 14 days after entry of the Court's Preliminary Approval Order.

2.   Class Notice will be posted in the public area at City Hall in a location where public or community notices are usually posted.

3.   Class Notice will be posted on the web site for the City of Antioch.

4.   Class Notice will be posted in the offices of the Housing Authority of Contra Costa County and the Contra Costa Department of Social Services subject to the consent of the agencies' respective directors, which shall be obtained by PLAINTIFFS.

5.   This Settlement Agreement and Class Notice will be posted on the websites for the Impact Fund and the ACLU.

6.   Class Notice will be mailed to the last known address of each class member on the Updated Class List.

7.   Notice mailed to a Section 8 voucher holder shall be considered notice for all members of his or her household.

d.   <u>Costs of Notice</u> -    ANTIOCH shall pay the costs of Class Notice up to Two Thousand Dollars ($2000).

**SETTLEMENT AGREEMENT SUBJECT TO COURT APPROVAL**
**<u>WILLIAMS V. CITY OF ANTIOCH, ET AL.</u> C08-2301 SBA**

10.  **Settlement Fairness Process.**

   a.  **Preliminary Approval** - The parties will submit this Agreement to the Court and request preliminary approval of its terms and approval of the Notice Plan. The parties will request that the Court enter a Preliminary Approval Order, substantially in the form of Exhibit B.

   b.  **Class Notice** - Class Notice will be distributed and posted in the manner set forth in this Agreement not later than 14 days after entry of the Court's Preliminary Approval Order.

   c.  **Class Member Objections** - Any SETTLEMENT CLASS member who wishes to object to this Agreement or otherwise be heard concerning this settlement shall timely inform Class Counsel, Counsel for ANTIOCH and the Court in writing of his or her intent to object and/or appear at the Final Approval and Fairness Hearing by following the procedures set forth in the Class Notice. The deadline for objections shall be set by the Court.

   d.  **Final Approval and Fairness Hearing** – The Court shall hold the Final Approval and Fairness Hearing on the date established in the Notice. The PARTIES shall request that, if the Court approves the Agreement at the Final Approval and Fairness hearing, it enter the Final Approval Order in the form proposed as Exhibit C and the Final Judgment in the form proposed as Exhibit D.

11.   **Attorneys' Fees and Costs.** – The total amount of $180,000.00 (ONE HUNDRED AND EIGHTY THOUSAND DOLLARS) shall be payable to the NAMED PLAINTIFFS' attorneys of record, as full consideration for any and all attorney's fees and costs

incurred in this matter, within 30 days after dismissal of the Civil Action.  Payment to be made

per instructions by counsel for The Impact Fund.

      12.    **Defense.**  This Agreement may be pled as a full and complete defense to any

subsequent action or other proceeding involving any person or party, which arises out of, relates

to, or has anything to do with, the rights and claims waived, released and discharged by this

Agreement.  This provision expressly excludes any claim for civil penalties or other damage

claims brought by or on behalf of any class member other than the NAMED PLAINTIFFS.

      13.    **No Assignment By PLAINTIFFS.**  NAMED PLAINTIFFS represent and

warrant that they have not heretofore assigned or transferred or purported to assign or transfer, to

any person or entity, a claim, debt, liability demand, obligation, cost, attorneys' fees, expense,

action or cause of action herein released.  NAMED PLAINTIFFS further agree to indemnify,

hold harmless, and defend RELEASEES from any and all claims, debts, liens, liabilities, or

demands, obligations, attorneys' fees, costs, expenses, action or cause of action which are in any

way based on, arising out of, or in connection with any such transfer or assignment, including all

actual attorneys' fees and costs in connection therewith.

      14.    **Binding Effect.**  This Agreement shall be binding upon and for the benefit of the

PARTIES hereto and their respective heirs, successors, predecessors, devisees, administrators,

executors, affiliates, representatives, assigns, and their respective agents and employees,

partners, members and representatives, wherever the context requires or admits, both jointly and

individually.

      15.    **Advice Of Counsel.**  The PARTIES, and each of them,  acknowledge that they

have been competently represented by counsel of their own choosing in the negotiations for, and

the preparing of this Agreement, that they have read the Agreement or had it read to them by

their counsel, that they are fully aware of its contents and of its legal effect, and that each party

enters into this Agreement freely, without coercion, based on the PARTIES' own judgment and

not in reliance upon any representations or promises made by the other party. The PARTIES,

and each of them, expressly waive any and all claims, charges, complaints, actions and causes of

action against any other party arising out of or in any way associated with the negotiation,

preparation, or execution of this Agreement.

16.     **Complete and Final Agreement.** Subject to the approval of the Court of this

Agreement, this Agreement contains all of the agreement, conditions, promises and covenants

between the PARTIES and supersedes all prior or contemporaneous agreements, representations

or understandings with respect to the subject matter of the present agreement.

17.     **Assumption of Risk.** The PARTIES, and each of them, hereby expressly assume

the risk of any mistake of fact or law, or both, or that the true facts or laws might be other or

different from facts and laws now known or believed to exist. Each party to this Agreement

acknowledges that it has made such investigation of the facts pertaining to this Agreement as

each deems necessary, and in entering into this Agreement, each party assumes the risk of

mistake with respect to such facts.

18.     **Voluntary Agreement.** The PARTIES agree that this Agreement constitutes the

entire agreement between the PARTIES and it is expressly understood and agreed that the

Agreement has been freely and voluntarily entered into by the PARTIES with the advice of

counsel, who have explained the legal effect of this Agreement. The PARTIES further

acknowledge that no warranties or representations or inducements not contained in this

Agreement have been made on any subject in connection with this Agreement, and that they

have not been induced to execute this Agreement by reason of nondisclosure or suppression of

any fact.  Except as directed or ordered by the Court, this Agreement may not be altered,

modified or otherwise changed in any respect except by writing, duly executed by all of the

PARTIES or their authorized representatives.

19.     **Governing Law.**  The terms, conditions and covenants of this Agreement shall be

interpreted under the laws of the State of California.

20.     **Waiver of California Civil Code Section 1542.**  The PARTIES in this

Agreement intend this Agreement to be a full and general release as to the subject matter

described above, and they hereby mutually waive all claims or benefits that they now have, or in

the future may have under the provisions of section 1542 of the California Civil Code, which

reads as follows:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his favor at the time of executing
> the release, which if known by him or her must have materially
> affected his or her settlement with the debtor.

The PARTIES to this Agreement, having been apprised of the statutory language of Civil Code

Section 1542 by their attorneys, and each fully understanding the same, nevertheless elect to

waive the benefits of any and all rights any of them may have pursuant to the provisions of Civil

Code Section 1542.  The PARTIES to this Agreement understand that if the facts with respect to

which this Agreement is executed are found hereinafter to be different from the facts now

believed by any of them to be true, that this Agreement shall be effective notwithstanding such

material difference.  This waiver does not apply to nor affect the rights of SETTLEMENT

CLASS Members.

21.     **Neutral Interpretation.**  PLAINTIFFS, their counsel, and ANTIOCH, and its

counsel, have cooperated in the preparation of this Agreement, and this Agreement therefore

shall not be construed against any party.

22.     **Warranty Of Authority.**  Each of the undersigned individuals represents and warrants to each of the other PARTIES and such other PARTIES' attorneys that (a) he, she or it has full right, power and authority to bind the party on behalf of which he, she or it is executing this Agreement in a representative capacity, to all of the terms of this Agreement, and that (b) no consent of any other person is required by any party to this Agreement as a condition to such party being bound by this Agreement (or that such consent has been obtained).  Authority to bind the Settlement Class is expressly conditioned on approval of the Court as required by Federal Rule of Civil Procedure 23(e).

23.     **Counterparts.**  This Agreement may be signed in counterparts and shall be binding and effective immediately upon the execution by all PARTIES of one or more counterparts.

24.     **Enforceability.**  The provisions of this Agreement are contractual in nature and not merely recitals, and shall be considered independent and severable, and if any such provision or any part thereof shall at any time be held invalid, in whole or in part, under any federal, state, county, municipal or other law, ruling or regulation, then such provision or part thereof shall remain in force and effect to the extent permitted by law, the remaining provisions of this Agreement shall also remain in full force and effect, and enforceable.

I HAVE READ THE ENTIRE CONTENTS OF THIS AGREEMENT BEFORE SIGNING IT
AND HAVE BEEN PROVIDED WITH A COPY FOR MY RECORDS.

**PLAINTIFFS**

DATED: ___10 - 25 -___, 2011

Plaintiff Santeya Danyell Williams

DATED: ___10 - 25___, 2011

Plaintiff Mary Ruth Scott

DATED: ___10 - 25 -___, 2011

Plaintiff Karen Latreece Coleman

DATED: ___10 - 25___, 2011

Plaintiff Priscilla Bunton

DATED: ___10-25-2011___, 2011

Plaintiff Alyce Denise Payne

**DEFENDANT**

DATED: ___11/17___, 2011

Defendant City of Antioch

**APPROVED AS TO FORM:**

DATED: ___10/28___, 2011

The Impact Fund
Brad Seligman, Esq.
Attorneys for Plaintiffs and the Certified Class

DATED: ___11/17___, 2011

McNamara, Ney, Beatty, Slattery, Borges &
Ambacher LLP
James V. Fitzgerald, III
Attorneys for Defendant

1    *(Counsel listed on next page)*

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    SANTEYA DANYELL WILLIAMS, MARY          No. C-08-2301 SBA
     RUTH SCOTT, KAREN LATREECE
8    COLEMAN, PRISCILLA BUNTON, and          **[PROPOSED] JUDGMENT**
     ALYCE DENISE PAYNE, on behalf of
9    themselves and all others similarly situated,

10                  Plaintiffs,
              v.
11
     CITY OF ANTIOCH,
12
                    Defendant.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   Impact Fund
    BRAD SELIGMAN (SBN 083838)
    bseligman@impactfund.org
3   JOCELYN D. LARKIN (SBN 110817)
    125 University Avenue, Suite 102
4   Berkeley, CA  94710
    Telephone:  510.845.3473
5   Facsimile:  510.845.3654

6   Bingham McCutchen LLP
    FRANK B. KENNAMER (SBN 157844)
7   Three Embarcadero Center
    San Francisco, CA  94111
8   Telephone:  415.393.2000
    Facsimile:  415.393.2286
9

10  Lawyers' Committee For Civil Rights
    of the San Francisco Bay Area
11  OREN M. SELLSTROM (SBN 161074)
    131 Steuart Street, Suite 400
12  San Francisco, CA  94105
    Telephone:  415.543.9444
13

14  American Civil Liberties Union
    Foundation of Northern California
15  ALAN  L. SCHLOSSER (SBN 49957)
    39 Drumm Street
16  San Francisco, CA  94111
    Telephone:  415.621.2493

17  Public Advocates, Inc.
    RICHARD A. MARCANTONIO (SBN 139619)
18  131 Steuart Street, Suite 300
    San Francisco, CA  94105
19  Telephone:  415.431.7430

20  Covington & Burling LLP
    HAYWOOD S. GILLIAM, JR. (SBN 172732)
21  hgilliam@cov.com
    One Front Street
22  San Francisco, CA  94111
    Telephone:  415.591.6000
23  Facsimile:  415.591.6091

24  Attorneys for Plaintiffs and Certified Class

25

26

27

28

McNamara, Ney, Beatty, Slattery,
Borges & Ambacher
THOMAS G. BEATTY (SBN 75794)
JAMES V. FITZGERALD, III (SBN
55632)
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA  94596
Telephone:  925.939.5530
Facsimile:  925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

1

[PROPOSED] JUDGMENT

1

2    WHEREAS, on _____, 2011, this Court granted preliminary approval of a

3    settlement of this action, embodied in the Settlement Agreement, attached as Exhibit 1 to this

4    Court's _____, 2011 Order Granting Preliminary Approval of Settlement;

5

6    WHEREAS, on _____, 2011, the Court granted final approval of the settlement,

7    finding that the settlement is fair, reasonable and adequate within the meaning of Fed. R. Civ. P.

8    23(e) and applicable law;

9    WHEREAS, the Court has found that the notice sent to the Class Members fairly and

10   adequately informed the Class of the terms of the settlement, was consistent with Fed. R. Civ. P.

11   23(e) and due process, and was given in the manner prescribed by the Settlement Agreement and

12   the Court's order preliminarily approving the settlement:

13

14   **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

15   1.    In accordance with the Settlement Agreement, attached as Exhibit 1 to the

16   _____, 2011, Order Granting Preliminary Approval of Settlement, this Court hereby enters

17   final judgment in this action, and dismisses this action with prejudice.

18   **2.**    The Court retains jurisdiction to enforce the settlement for three years following

19   the entry of the Final Approval Order.  The Court appoints Magistrate Judge Corley under Fed.

20   R. Civ. P. 53 to act as a Magistrate Judge to consider claims of violations of the Agreement.

21

22   **IT IS SO ORDERED**

23   Dated this ____ day of _____, 2011.

24

25

26   _____

     Hon. Sandra Brown Armstrong
     United States District Court, Northern District of California

27

28

**[PROPOSED] JUDGMENT**

1    *(Counsel listed on next page)*

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    SANTEYA DANYELL WILLIAMS, MARY          No. C-08-2301 SBA
     RUTH SCOTT, KAREN LATREECE
8    COLEMAN, PRISCILLA BUNTON, and          **[PROPOSED] ORDER RE JOINT**
     ALYCE DENISE PAYNE, on behalf of        **NOTICE OF MOTION AND MOTION**
9    themselves and all others similarly situated,   **FOR ORDER:**

10                    Plaintiffs,            **(1) GRANTING PRELIMINARY**
                                             **APPROVAL OF SETTLEMENT;**
11            v.

     CITY OF ANTIOCH,                        **(2) APPROVING CLASS NOTICE AND**
12                                           **RELATED MATERIALS; AND**
                      Defendant.
13                                           **(3) SCHEDULING FAIRNESS AND**
                                             **FINAL APPROVAL HEARING**
14

15                                           Date: _____, 2011
                                             Time: _____ __.m.
16                                           Courtroom:  The Hon. Sandra Brown
                                             Armstrong
17

18

19

20

21

22

23

24

25

26

27

28
                                                          NO.: C-08-2301 SBA

1

2   Impact Fund
    BRAD SELIGMAN (SBN 083838)
3   bseligman@impactfund.org
    JOCELYN D. LARKIN (SBN 110817)
4   125 University Avenue, Suite 102
    Berkeley, CA  94710
5   Telephone:  510.845.3473
    Facsimile:  510.845.3654

6   Bingham McCutchen LLP
7   FRANK B. KENNAMER (SBN 157844)
    Three Embarcadero Center
8   San Francisco, CA  94111
    Telephone:  415.393.2000
9   Facsimile: 415.393.2286

10  Lawyers' Committee For Civil Rights
    of the San Francisco Bay Area
11  OREN M. SELLSTROM (SBN 161074)
    131 Steuart Street, Suite 400
12  San Francisco, CA  94105
    Telephone:  415.543.9444

13
    American Civil Liberties Union
14  Foundation of Northern California
    ALAN  L. SCHLOSSER (SBN 49957)
15  39 Drumm Street
    San Francisco, CA  94111
16  Telephone:  415.621.2493

17  Public Advocates, Inc.
    RICHARD A. MARCANTONIO (SBN 139619)
18  131 Steuart Street, Suite 300
    San Francisco, CA  94105
19  Telephone:  415.431.7430

20  Covington & Burling LLP
    HAYWOOD S. GILLIAM, JR. (SBN 172732)
21  hgilliam@cov.com
    One Front Street
22  San Francisco, CA  94111
    Telephone:  415.591.6000
23  Facsimile:  415.591.6091

24  Attorneys for Plaintiffs and Certified Class

25

26

27

28

McNamara, Ney, Beatty, Slattery,
Borges & Ambacher
THOMAS G. BEATTY (SBN 75794)
JAMES V. FITZGERALD, III (SBN 55632)
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA  94596
Telephone:  925.939.5530
Facsimile:  925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

1

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT

1

2          The parties have conditionally agreed to a proposed settlement. It appears to the Court

3    that the proposed Settlement Agreement is the result of arm's length negotiations between the

4    parties with the assistance of a third-party neutral mediator. After reviewing the terms of the

5

6    proposed settlement in the context of the record in this action and the controlling legal authority,

7    the Court finds that the proposed Settlement Agreement is sufficiently fair, reasonable, adequate,

8    and consistent with relevant state and federal law, to warrant notice thereof to Class members

9    and a full hearing thereon.

10

11   **IT IS THEREFORE ORDERED THAT:**

12
         1.      The Settlement Agreement attached hereto as Exhibit A hereto is hereby
13
14   preliminarily approved. Final approval and entry of the Settlement Agreement is subject to the

15   hearing of any objections to the Settlement.

16       2.      Pending the determination of the fairness of the Settlement Agreement, all further

17   litigation of the case is stayed.

18
         3.      The Notice of Settlement attached hereto as Exhibit B is approved and shall be
19
     distributed to the class in accordance with the notice plan as set forth in Section 9 of the
20
21   Settlement Agreement, entitled "Notice to Class."  All written objections must be received by

22   class counsel no later than ten days before the fairness hearing, and filed with the court by class

23   counsel no later than seven days before the fairness hearing.

24       4.      A Fairness Hearing for Final Approval of the Settlement shall be set for

25   _____2011 at ____.m. in this Courtroom. Not less than seven (7) days prior to the Final

26   Approval Hearing, Class Counsel will submit their Request For Final Approval of the

27

28

**[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT**

1  Settlement.

2

3  **IT IS SO ORDERED**

4

5

6  Dated this _____ day of _____, 2011.

7

8

9                                        _____
                                         Hon. Sandra Brown Armstrong
10                                       United States District Court, Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT**

1    *(Counsel listed on next page)*

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    SANTEYA DANYELL WILLIAMS, MARY          No. C-08-2301 SBA
     RUTH SCOTT, KAREN LATREECE
8    COLEMAN, PRISCILLA BUNTON, and          **[PROPOSED] ORDER GRANTING**
     ALYCE DENISE PAYNE, on behalf of        **FINAL APPROVAL OF SETTLEMENT**
9    themselves and all others similarly situated,

10                   Plaintiffs,             Date: _____, 2011
                                             Time: _____ ___.m.
11          v.                               Courtroom: The Hon. Sandra Brown
                                             Armstrong
     CITY OF ANTIOCH,
12
                     Defendant.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                          NO.: C-08-2301 SBA

1

2  Impact Fund
   BRAD SELIGMAN (SBN 083838)
3  bseligman@impactfund.org
   JOCELYN D. LARKIN (SBN 110817)
4  125 University Avenue, Suite 102
   Berkeley, CA  94710
5  Telephone:  510.845.3473
   Facsimile:  510.845.3654
6
   Bingham McCutchen LLP
7  FRANK B. KENNAMER (SBN 157844)
   Three Embarcadero Center
8  San Francisco, CA  94111
   Telephone:  415.393.2000
9  Facsimile:  415.393.2286

10 Lawyers' Committee For Civil Rights
   of the San Francisco Bay Area
11 OREN M. SELLSTROM (SBN 161074)
   131 Steuart Street, Suite 400
12 San Francisco, CA  94105
   Telephone:  415.543.9444
13
   American Civil Liberties Union
14 Foundation of Northern California
   ALAN  L. SCHLOSSER (SBN 49957)
15 39 Drumm Street
   San Francisco, CA  94111
16 Telephone:  415.621.2493

17 Public Advocates, Inc.
   RICHARD A. MARCANTONIO (SBN 139619)
18 131 Steuart Street, Suite 300
   San Francisco, CA  94105
19 Telephone:  415.431.7430

20 Covington & Burling LLP
   HAYWOOD S. GILLIAM, JR. (SBN 172732)
21 hgilliam@cov.com
   One Front Street
22 San Francisco, CA  94111
   Telephone:  415.591.6000
23 Facsimile:  415.591.6091

24 Attorneys for Plaintiffs and Certified Class

25

26

27

28

McNamara, Ney, Beatty, Slattery,
Borges & Ambacher LLP
THOMAS G. BEATTY (SBN 75794)
JAMES V. FITZGERALD, III (SBN 55632)
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA  94596
Telephone:  925.939.5530
Facsimile:  925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

[PROPOSED] ORDER RE FINAL APPROVAL OF SETTLEMENT

1

2        The parties have made an unopposed application for final approval of the Settlement

3   Agreement which this Court preliminarily approved on _____, 2011.  The Court has read and

4   carefully considered the Agreement and the exhibits appended thereto (attached hereto as Exhibit

5   1), as well as the briefs and arguments of counsel.

6

7   **IT IS THEREFORE ORDERED THAT:**

8        1.      This Court has jurisdiction over the subject matter of this action and all matters

9   relating thereto, and over all parties to this action.

10       2.      The Notice given to class members pursuant to this Court's Order Granting

11  Preliminary Approval constituted the best notice practicable under the circumstances, was

12  accomplished in all material respects, and fully met the requirements of Fed. R. Civ. P. 23(e) and

13  due process.

14

15       3.      Pursuant to Fed. R. Civ. P. 23(e), this Court grants final approval to the

16  Settlement Agreement and the settlement set forth therein, and orders the parties to implement,

17  and comply with, its terms. The Court finds that the Settlement is fair, reasonable, and adequate

18  in all respects. The Court specifically finds that settlement is rationally related to the strength of

19  plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This

20  Court also finds that the Settlement Agreement is the result of arms'-length negotiation between

21  experienced counsel representing the interests of the class and defendants, after thorough factual

22  and legal investigation.  There was no finding of intentional discrimination in this lawsuit.

23

24       4.      This action is hereby dismissed with prejudice, each party to bear its own

25  attorneys' fees and costs, except as provided by the Agreement and the Court's orders.

26

27

28

1         5.     The Court retains jurisdiction to enforce this Agreement for three years following

2    the entry of this Final Approval Order.  The Court appoints Magistrate Judge Corley under Fed.

3    R. Civ. P. 53 to act as a Magistrate Judge to consider claims of violations of the Agreement.

4

5

6    **IT IS SO ORDERED**

7

8    Dated this _____ day of _____, 2011.

9

10

11    _____

12    Hon. Sandra Brown Armstrong
     United States District Court, Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Impact Fund
BRAD SELIGMAN (SBN 083838)
2 | bseligman@impactfund.org
JOCELYN D. LARKIN (SBN 110817)
3 | 125 University Avenue, Suite 102
Berkeley, CA 94710
4 | Telephone: 510.845.3473
Facsimile: 510.845.3654
5 |
Bingham McCutchen LLP
6 | FRANK B. KENNAMER (SBN 157844)
Three Embarcadero Center
7 | San Francisco, CA 94111
Telephone: 415.393.2000
8 | Facsimile: 415.393.2286
9 | Attorneys for Plaintiffs and Certified Class
10 | **[Additional Counsel Listed on Page 2]**

McNamara, Ney, Beatty, Slattery,
Borges & Ambacher
THOMAS G. BEATTY (SBN 75794)
JAMES V. FITZGERALD, III (SBN 55632)
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA 94596
Telephone: 925.939.5530
Facsimile: 925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

11
12 | UNITED STATES DISTRICT COURT
13 | NORTHERN DISTRICT OF CALIFORNIA
14
15
16 | SANTEYA DANYELL WILLIAMS, MARY RUTH SCOTT, KAREN LATREECE COLEMAN, PRISCILLA BUNTON, and ALYCE DENISE PAYNE, on behalf of themselves and all others similarly situated,
17
18
Plaintiffs,
19 | v.
20 | CITY OF ANTIOCH,
21 | Defendant.
22

No. C-08-2301 SBA

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

23
24
25
26
27
28

NO. C-08-2301 SBA

1

*IMPORTANT: PLEASE READ CAFEFULLY*

2

3  **To: All African-Americans who have held or currently hold Section 8 housing vouchers in the City of Antioch:**

4       This Notice is being given by Order of the Court to individuals who may be members of

5  a class of current and former African-American Section 8 households affected by the settlement

6

7  of a class action lawsuit called <u>Williams, et al. v. City of Antioch, et al.</u>, Case Number C08-2301

8  SBA (U.S. District Court, Northern District of California).

9       The lawsuit claims that the City of Antioch and its Police Department discriminated

10  against African-American Section 8 families based on their race and Section 8 status. The City of

11  Antioch has denied all wrongdoing.  There was no finding of intentional discrimination in this

12  lawsuit.

13       The District Court has scheduled a hearing to consider the settlement on _____

14

15  at _____.m. in Courtroom ___, at the United States District Court, United States Courthouse, 450

16  Golden Gate Avenue, San Francisco, California 94102.

17       This hearing is referred to as the settlement hearing or the fairness hearing.  If the

18  district court approves this settlement, all claims by class members against the City of Antioch

19  for injunctive relief based on claims of discriminatory policing by the Antioch Police

20  Department will be finally resolved in accordance with the terms of the settlement.  However,

21

22  the court's approval of this settlement will not affect the right of class members, other than the

23  five named plaintiffs, to assert claims for damages against the City.

24  **The purpose of this notice is to inform you of:**

25       •       **The nature of the lawsuit, and who is a member of the class;**

26       •       **Your right to object to the settlement;**

27

28       •       **A description of the terms of the proposed settlement; and**

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

1    • **How to find out more information about the proposed settlement.**

2    **THE LAWSUIT AND THE CLASS**

3    The lawsuit was filed as a class action in July 2008 by five African-American women

4
5    participating in the Section 8 Housing Choice Voucher program.  The lawsuit claims that the

6    City of Antioch and its Police Department discriminated against African-American Section 8

7    families based on their race and Section 8 status.  The plaintiffs sought damages, injunctive

8    relief, and attorneys' fees.

9    On September 2, 2010, the Court ruled that the claims for injunctive relief could go

10   forward on behalf of a class defined as "all African-Americans who have held, currently hold, or

11   may hold Section 8 housing vouchers, and all members of their households, who reside, have

12
13   resided or will reside, in the City of Antioch."  The Court also ruled, however, that the named

14   plaintiffs could not seek damages on behalf of the other class members.

15   The Court's order designated the following lawyers to serve as counsel to the class

16   ("Class Counsel") in this action:

17   Impact Fund
     BRAD SELIGMAN (SBN 083838)
18   bseligman@impactfund.org
19   JOCELYN D. LARKIN (SBN 110817)
     125 University Avenue, Suite 102
20   Berkeley, CA  94710
     Telephone:  510.845.3473
21

American Civil Liberties Union
Foundation of Northern California
ALAN L. SCHLOSSER (SBN 49957)
39 Drumm Street
San Francisco, CA  94111
Telephone:  415.621.2493

22   Lawyers' Committee For Civil Rights
     of the San Francisco Bay Area
23   OREN M. SELLSTROM (SBN 161074)
     131 Steuart Street, Suite 400
24   San Francisco, CA  94105
     Telephone:  415.543.9444
25

Public Advocates, Inc.
RICHARD A. MARCANTONIO (SBN
139619)
131 Steuart Street, Suite 300
San Francisco, CA  94105
Telephone:  415.431.7430

26   Bingham McCutchen LLP
27   FRANK B. KENNAMER (SBN 157844)
     abigail.slonecker@bingham.com
28   Three Embarcadero Center

Covington & Burling LLP
HAYWOOD S. GILLIAM, JR. (SBN
172732)
hgilliam@cov.com

2

NO.: C-08-2301 SBA

| | |
|---|---|
| San Francisco, CA 94111 | One Front Street |
| Telephone: 415.393.2000 | San Francisco, CA 94111 |
| Facsimile: 415.393.2286 | Telephone: 415.591.6000 |
| | Facsimile: 415.591.6091 |

The Court's order appointed named plaintiffs Santeya Danyell Williams, Mary Ruth Scott, Karen Latreece Coleman, Priscilla Bunton, and Alyce Denise Payne to serve as Class Representatives.

## WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

You do not need to do anything if you are satisfied with the settlement. If you are dissatisfied with any terms of the proposed settlement described below, you may comment or object to the settlement.  If you wish to have your comments or objections considered at the settlement fairness hearing, you must send your comments or objection in writing, on or before _____ to Class Counsel and counsel for the City of Antioch at:

| | | |
|---|---|---|
| The Impact Fund | | McNamara, Ney, Beatty, Slattery, Borges & Ambacher |
| | | Attn: James V. Fitzgerald, III |
| 125 University Ave., Suite 102 | and | 1211 Newell Avenue, P.O. Box 5288 |
| Berkeley, California 94710 | | Walnut Creek, CA 94596 |

If you do not make your objections by that date, you will lose the right to object.  Both the envelope and your comments or objection should include the name of the case and the case number.  If you do so comment or object, you also have the right to appear personally or through an attorney at the settlement hearing to present your comments or objection to the Court.  Except with special permission of the Court, you will not be permitted to object or comment at the hearing if your comments or objection are not received in writing by _____.

If, after the fairness hearing, the Court rejects the settlement, it will be voided and litigation of the case will continue.  However, if that happens, there is no assurance: (a) that any decision at trial would be in favor of class members; (b) that a favorable trial decision, if any,

3

NO.: C-08-2301 SBA

1  would be as favorable to the class members as this settlement; or (c) that any such favorable trial

2  decision would be upheld if any appeal was filed.

## DESCRIPTION OF THE PROPOSED SETTLEMENT

The Settlement Agreement provides, in summary, that:

1. The City of Antioch will not publicly identify African American Section 8 recipients (except as allowed for in the next paragraph).

2. APD will send copies of any communications it sends to the Housing Authority of Contra Costa County regarding complaints about identified Section 8 recipients to the Impact Fund for three years.

3. The City of Antioch will not retaliate against the five named Plaintiffs or their family members approved to live in their household by the Housing Authority.

4. The City of Antioch will not focus on African American Section 8 recipients on either the basis of their race or Section 8 status in its policing efforts, except when race is used specifically to identify a suspect.

5. The Plaintiffs will dismiss this case within 30 days after the Court approves the settlement.

6. The Court will retain jurisdiction to enforce this Agreement for three years.

7. The City of Antioch will pay $180,000.00, to be divided equally among the five named Plaintiffs.

8. The City of Antioch will pay $180,000.00 for costs and attorneys' fees of Plaintiffs' lawyers.

9. Plaintiffs release and settle all of their claims against the City.  Class members release class claims for injunctive relief but do not release any claims for damages.

1

## <u>HOW TO GET MORE INFORMATION ABOUT THE SETTLEMENT</u>

2

If you have questions about the proposed settlement agreement, or would like to obtain a

3

copy of it, you may contact the lawyers who represent the class, at the address below:

4

5    The Impact Fund
     125 University Ave., suite 102
6    Berkeley, California 94710

7    (510)845-3473, ext. 308

8    There will be no charge.

9    **Do not contact the district court or the judge.**

10

11   Dated this _____ day of _____, 2011.

12

13

14   _____
     Clerk of the Court
15   United States District Court- Northern District of California

16

17

18

19

20

21

22

23

24

25

26

27

28

NO.: C-08-2301 SBA

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT