1   *(Counsel listed on next page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTEYA DANYELL WILLIAMS, MARY RUTH SCOTT, KAREN LATREECE COLEMAN, PRISCILLA BUNTON, and ALYCE DENISE PAYNE, on behalf of themselves and all others similarly situated, | No. C-08-2301 SBA (JSC) |
| | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT** |
| Plaintiffs, | Date: March 8, 2012 |
| v. | Time: 9:00 a.m. |
| CITY OF ANTIOCH, | Courtroom:  The Hon. Jacqueline Scott Corley |
| Defendant. | |

**[PROPOSED] ORDER RE FINAL APPROVAL OF SETTLEMENT**

Impact Fund
BRAD SELIGMAN (SBN 083838)
bseligman@impactfund.org
JOCELYN D. LARKIN (SBN 110817)
125 University Avenue, Suite 102
Berkeley, CA  94710
Telephone:  510.845.3473
Facsimile:  510.845.3654

Bingham McCutchen LLP
FRANK B. KENNAMER (SBN 157844)
Three Embarcadero Center
San Francisco, CA  94111
Telephone:  415.393.2000
Facsimile:  415.393.2286

Lawyers' Committee For Civil Rights
of the San Francisco Bay Area
OREN M. SELLSTROM (SBN 161074)
131 Steuart Street, Suite 400
San Francisco, CA  94105
Telephone:  415.543.9444

American Civil Liberties Union
Foundation of Northern California
ALAN  L. SCHLOSSER (SBN 49957)
39 Drumm Street
San Francisco, CA  94111
Telephone:  415.621.2493

Public Advocates, Inc.
RICHARD A. MARCANTONIO (SBN 139619)
131 Steuart Street, Suite 300
San Francisco, CA  94105
Telephone:  415.431.7430

Covington & Burling LLP
HAYWOOD S. GILLIAM, JR. (SBN 172732)
hgilliam@cov.com
One Front Street
San Francisco, CA  94111
Telephone:  415.591.6000
Facsimile:  415.591.6091

Attorneys for Plaintiffs and Certified Class

McNamara, Ney, Beatty, Slattery,
Borges & Ambacher LLP
THOMAS G. BEATTY (SBN 75794)
JAMES V. FITZGERALD, III (SBN 55632)
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA  94596
Telephone:  925.939.5530
Facsimile:  925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

[PROPOSED] ORDER RE FINAL APPROVAL OF SETTLEMENT

1

2          The parties have made an application for final approval of the Settlement Agreement

3    which this Court preliminarily approved on January 6, 2012.  The Court has read and carefully

4    considered the Agreement and the exhibits appended thereto (attached hereto as Exhibit 1), as

5    well as the briefs and arguments of counsel.

6

7    **IT IS THEREFORE ORDERED THAT:**

8          1.      This Court has jurisdiction over the subject matter of this action and all matters

9    relating thereto, and over all parties to this action.

10         2.      The Notice given to class members pursuant to this Court's Order Granting

11   Preliminary Approval constituted the best notice practicable under the circumstances, was

12   accomplished in all material respects, and fully met the requirements of Fed. R. Civ. P. 23(e) and

13   due process.

14         3.      Pursuant to Fed. R. Civ. P. 23(e), this Court grants final approval to the

15   Settlement Agreement and the settlement set forth therein, and orders the parties to implement,

16   and comply with, its terms. The Court finds that the Settlement is fair, reasonable, and adequate

17   in all respects. The Court specifically finds that settlement is rationally related to the strength of

18   plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This

19   Court also finds that the Settlement Agreement is the result of arms'-length negotiation between

20   experienced counsel representing the interests of the class and defendants, after thorough factual

21   and legal investigation.  There was no finding of intentional discrimination in this lawsuit.

22         4.      This action is hereby dismissed with prejudice, each party to bear its own

23   attorneys' fees and costs, except as provided by the Agreement and the Court's orders.

24

25

26

27

28

**[PROPOSED] ORDER RE FINAL APPROVAL OF SETTLEMENT**

5.      The Court retains jurisdiction to enforce this Agreement for three years following the entry of this Final Approval Order.  Pursuant to Rule 53, the undersigned Magistrate Judge will consider claims of violations of the Agreement.

**IT IS SO ORDERED**

Dated this _____ day of _____, 2012.

_____
Hon. Jacqueline Scott Corley
United States District Court, Northern District of California

# Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between SANTEYA DANYELL WILLIAMS; MARY RUTH SCOTT; KAREN LATREECE COLEMAN; PRISCILLA BUNTON, and ALYCE DENISE PAYNE ("NAMED PLAINTIFFS") and others similarly situated as to injunctive relief and statutory damages pursuant to the Class Certification Order dated September 2, 2010 ("Settlement Class") (collectively "PLAINTIFFS") and the CITY OF ANTIOCH ("ANTIOCH") (collectively "PARTIES").

### RECITALS

A. PLAINTIFFS filed this class action lawsuit against ANTIOCH in the United States District Court for the Northern District of California, Case No. C08-2301 SBA, alleging among other claims, intentional discrimination based on race and Section 8 status, and unintentional discrimination based on a disparate statistical impact of ANTIOCH'S Community Policing policies on African-American Section 8 subsidy recipients. PLAINTIFFS sought damages, injunctive relief, and attorneys' fees for the matters alleged in the complaint on behalf of themselves and similarly situated persons (the "Civil Action").

B. ANTIOCH denied the allegations of the Civil Action and disputed that any relief was justified maintaining that the Antioch Police Department, including the Community Action Team, was focused on responding to complaints regarding nuisance, criminal and drug activity. There was no finding of intentional discrimination against any individual ANTIOCH police officer or the Antioch Police Department in the course of the Civil Action.

C. On September 2, 2010, the Court certified, for claims of injunctive relief only, a class defined as all African-Americans who have held, currently hold, or may hold Section 8

housing vouchers, and all members of their households, who reside, have resided or will reside, in the City of Antioch. These injunctive relief class members are PARTIES in addition to the PLAINTIFFS and ANTIOCH. The Court also granted ANTIOCH's motion for judgment on the pleadings denying the injunctive relief class members from seeking statutory damages in the Civil Action.

          D. The PARTIES have conducted sufficient discovery to allow them to fully evaluate their legal positions. PLAINTIFFS have reviewed voluminous documents and taken depositions of numerous City and police officials.

          E. The PARTIES wish to resolve the Civil Action.

          F. The PARTIES voluntarily and freely enter this Agreement for that purpose. In consideration of the terms set forth below, the PARTIES, intending to be legally bound, enter into this Agreement and agree to execute this document as a full and complete release of PLAINTIFFS' claims, providing the following terms and conditions are complied with:

## AGREEMENT

1.    **Consideration.** In consideration of the promises contained herein, ANTIOCH agrees as follows:

          **1a.** NAMED PLAINTIFFS will be paid the total amount of $180,000.00 (ONE HUNDRED AND EIGHTY THOUSAND DOLLARS) within 30 days after dismissal of the Civil Action. This sum shall be divided equally among the five NAMED PLAINTIFFS.

          **1b.** ANTIOCH agrees that it will not publicly identify African American Section 8 recipients except as allowed for in paragraph 1c. herein.

**1c.**   ANTIOCH's Police Department agrees to send copies of any communications   it sends to the Housing Authority of Contra Costa County ("HACCC") regarding complaints about identified Section 8 recipients, within 30 days of transmission to HACCC, to the Impact Fund for three years after the date of the Final Approval Order.

**1d.** From the date of this Agreement, ANTIOCH agrees not to retaliate against NAMED PLAINTIFFS or family members residing in the NAMED PLAINTIFFS' Section 8 household at the time of the alleged retaliation, if HACCC has been notified of the family member or, if approval is required, if HACCC has approved the family member prior to the alleged retaliation.

**1e.**   ANTIOCH agrees not to focus on African American Section 8 recipients on either the basis of their race or Section 8 status in its Policing efforts, except when race is used as a suspect specific identifier.

2.   **Definition of Settlement Class.**   For purposes of this Agreement, the SETTLEMENT CLASS is defined in the same way as the class certified for litigation by the Court on September 2, 2010.   That definition is:

all African-Americans who have held, currently hold, or may hold Section 8 housing vouchers, and all members of their households, who reside, have resided or will reside, in the City of Antioch.

3.   **Consideration of Attorneys' Fees And Costs.**   Except as provided in paragraph 11 below, each of the PARTIES will bear their own attorneys' fees and costs.

4.      **Dismissal and Continuing Jurisdiction.**  PLAINTIFFS will dismiss this Civil Action with prejudice within 30 days of the Final Approval Order.  The Court will retain jurisdiction to enforce this Agreement for three years following the Final Approval Order. Magistrate Judge Corley will be appointed under FRCP 53 to act as a Magistrate Judge to consider claims of violations of the Agreement.

5.      **No Admission of Liability.**  The PARTIES acknowledge and agree that this Agreement and compliance with this Agreement shall not constitute or be construed as an admission of liability or fault by ANTIOCH or any of ANTIOCH'S employees.  The PARTIES further acknowledge that ANTIOCH disputes PLAINTIFFS' allegations and that this Agreement is made by ANTIOCH to avoid the cost of litigation.

6.      **No Pending Litigation.**  PLAINTIFFS represent that, other than the Civil Action, they do not presently have on file any complaints, grievances, charges or claims against ANTIOCH or any other employee of the CITY OF ANTIOCH.

7.      **Release By Named Plaintiffs;**   In return and in consideration of the promises contained herein, NAMED PLAINTIFFS release, and absolutely and forever discharge ANTIOCH and its predecessors, successors, assigns, and each past or present official, employee, agent, representative, officer, and any other person or firm who, previously or hereinafter, is affiliated in any manner with any of the above ("RELEASEES"), from any and all claims, demands, causes of action, obligations, liens, expenses, costs, damages, attorneys' fees, claims for injunctive and declaratory relief and liabilities which NAMED PLAINTIFFS ever had, now have, or may hereinafter have, against any of them by reason of any act, cause, matter or event whatsoever to the date of this Agreement, whether known or unknown, arising directly or indirectly out of or in any way connected with, or based upon, or in any way related to, the

subject matter of the Civil Action. NAMED PLAINTIFFS agree to defend, indemnify and hold harmless RELEASEES against any and all lien claims against NAMED PLAINTIFFS by health care providers, hospitals, clinics, EMS first responders, health maintenance organizations, workers compensation carriers, or agents/entities retained on their behalf to recoup medical costs, respecting any services, payments, benefits, compensation or indemnification of any kind related in any way to injuries suffered or incurred by NAMED PLAINTIFFS arising directly or indirectly out of or in any way connected with, or based upon or in any way related to, the subject matter of the Civil Action.

     **8.**     **Release by Settlement Class Members.**

          a.   The members of the SETTLEMENT CLASS release all claims for classwide injunctive and declaratory relief that the members of the SETTLEMENT CLASS may have against ANTIOCH arising from the Civil Action.

          b.   The members of the SETTLEMENT CLASS who are not NAMED PLAINTIFFS do not release any claims for individual monetary relief, including, civil penalties, compensatory or punitive damages that were or may have been asserted in this case.

    **9. Notice to Class.** In compliance with Federal Rule of Civil Procedure 23, the PARTIES agree to the following notice plan:

    a. <u>Updated Class List</u>: The PLAINTIFFS will request and obtain an updated list of Section 8 recipients living in Antioch from the Housing Authority of Contra Costa County no less than 30 days prior to submission of the Agreement for preliminary approval. The PLAINTIFFS will combine this list with any other data sources that they currently have in their possession to create the most complete class member list possible.

b.  Notice - Class Notice shall be provided to the Class List in a form approved by the

Court.  The Parties' proposed Notice is attached hereto as Exhibit A.  The Notice provides class

members with a description of the injunctive terms of the Agreement, the right to object to the

Agreement at the Final Approval and Fairness Hearing, the request for attorneys' fees, and the

settlement amounts for the NAMED PLAINTIFFS.

c.   Notice Plan  -

1.  Class Notice will be distributed and posted in the manner set forth

below not later than 14 days after entry of the Court's Preliminary

Approval Order.

2.  Class Notice will be posted in the public area at City Hall in a location

where public or community notices are usually posted.

3.  Class Notice will be posted on the web site for the City of Antioch.

4.  Class Notice will be posted in the offices of the Housing Authority of

Contra Costa County and the Contra Costa Department of Social

Services subject to the consent of the agencies' respective directors,

which shall be obtained by PLAINTIFFS.

5.  This Settlement Agreement and Class Notice will be posted on the

websites for the Impact Fund and the ACLU.

6.  Class Notice will be mailed to the last known address of each class

member on the Updated Class List.

7.  Notice mailed to a Section 8 voucher holder shall be considered notice

for all members of his or her household.

d.  Costs of Notice -    ANTIOCH shall pay the costs of Class Notice up to Two
Thousand Dollars ($2000).

10. **Settlement Fairness Process.**

   a. **Preliminary Approval** - The parties will submit this Agreement to the Court and request preliminary approval of its terms and approval of the Notice Plan. The parties will request that the Court enter a Preliminary Approval Order, substantially in the form of Exhibit B.

   b. **Class Notice** - Class Notice will be distributed and posted in the manner set forth in this Agreement not later than 14 days after entry of the Court's Preliminary Approval Order.

   c. **Class Member Objections** - Any SETTLEMENT CLASS member who wishes to object to this Agreement or otherwise be heard concerning this settlement shall timely inform Class Counsel, Counsel for ANTIOCH and the Court in writing of his or her intent to object and/or appear at the Final Approval and Fairness Hearing by following the procedures set forth in the Class Notice. The deadline for objections shall be set by the Court.

   d. **Final Approval and Fairness Hearing** – The Court shall hold the Final Approval and Fairness Hearing on the date established in the Notice. The PARTIES shall request that, if the Court approves the Agreement at the Final Approval and Fairness hearing, it enter the Final Approval Order in the form proposed as Exhibit C and the Final Judgment in the form proposed as Exhibit D.

11. **Attorneys' Fees and Costs.** – The total amount of $180,000.00 (ONE HUNDRED AND EIGHTY THOUSAND DOLLARS) shall be payable to the NAMED PLAINTIFFS' attorneys of record, as full consideration for any and all attorney's fees and costs

incurred in this matter, within 30 days after dismissal of the Civil Action.  Payment to be made per instructions by counsel for The Impact Fund.

      **12.**   **Defense.**  This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party, which arises out of, relates to, or has anything to do with, the rights and claims waived, released and discharged by this Agreement.  This provision expressly excludes any claim for civil penalties or other damage claims brought by or on behalf of any class member other than the NAMED PLAINTIFFS.

      13.   **No Assignment By PLAINTIFFS.**  NAMED PLAINTIFFS represent and warrant that they have not heretofore assigned or transferred or purported to assign or transfer, to any person or entity, a claim, debt, liability demand, obligation, cost, attorneys' fees, expense, action or cause of action herein released.  NAMED PLAINTIFFS further agree to indemnify, hold harmless, and defend RELEASEES from any and all claims, debts, liens, liabilities, or demands, obligations, attorneys' fees, costs, expenses, action or cause of action which are in any way based on, arising out of, or in connection with any such transfer or assignment, including all actual attorneys' fees and costs in connection therewith.

      14.   **Binding Effect.**  This Agreement shall be binding upon and for the benefit of the PARTIES hereto and their respective heirs, successors, predecessors, devisees, administrators, executors, affiliates, representatives, assigns, and their respective agents and employees, partners, members and representatives, wherever the context requires or admits, both jointly and individually.

      15.   **Advice Of Counsel.**  The PARTIES, and each of them,  acknowledge that they have been competently represented by counsel of their own choosing in the negotiations for, and the preparing of this Agreement, that they have read the Agreement or had it read to them by

their counsel, that they are fully aware of its contents and of its legal effect, and that each party

enters into this Agreement freely, without coercion, based on the PARTIES' own judgment and

not in reliance upon any representations or promises made by the other party. The PARTIES,

and each of them, expressly waive any and all claims, charges, complaints, actions and causes of

action against any other party arising out of or in any way associated with the negotiation,

preparation, or execution of this Agreement.

16. **Complete and Final Agreement.** Subject to the approval of the Court of this

Agreement, this Agreement contains all of the agreement, conditions, promises and covenants

between the PARTIES and supersedes all prior or contemporaneous agreements, representations

or understandings with respect to the subject matter of the present agreement.

17. **Assumption of Risk.** The PARTIES, and each of them, hereby expressly assume

the risk of any mistake of fact or law, or both, or that the true facts or laws might be other or

different from facts and laws now known or believed to exist. Each party to this Agreement

acknowledges that it has made such investigation of the facts pertaining to this Agreement as

each deems necessary, and in entering into this Agreement, each party assumes the risk of

mistake with respect to such facts.

18. **Voluntary Agreement.** The PARTIES agree that this Agreement constitutes the

entire agreement between the PARTIES and it is expressly understood and agreed that the

Agreement has been freely and voluntarily entered into by the PARTIES with the advice of

counsel, who have explained the legal effect of this Agreement. The PARTIES further

acknowledge that no warranties or representations or inducements not contained in this

Agreement have been made on any subject in connection with this Agreement, and that they

have not been induced to execute this Agreement by reason of nondisclosure or suppression of

any fact. Except as directed or ordered by the Court, this Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the PARTIES or their authorized representatives.

19. **Governing Law.** The terms, conditions and covenants of this Agreement shall be interpreted under the laws of the State of California.

20. **Waiver of California Civil Code Section 1542.** The PARTIES in this Agreement intend this Agreement to be a full and general release as to the subject matter described above, and they hereby mutually waive all claims or benefits that they now have, or in the future may have under the provisions of section 1542 of the California Civil Code, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The PARTIES to this Agreement, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and each fully understanding the same, nevertheless elect to waive the benefits of any and all rights any of them may have pursuant to the provisions of Civil Code Section 1542. The PARTIES to this Agreement understand that if the facts with respect to which this Agreement is executed are found hereinafter to be different from the facts now believed by any of them to be true, that this Agreement shall be effective notwithstanding such material difference. This waiver does not apply to nor affect the rights of SETTLEMENT CLASS Members.

21. **Neutral Interpretation.** PLAINTIFFS, their counsel, and ANTIOCH, and its counsel, have cooperated in the preparation of this Agreement, and this Agreement therefore shall not be construed against any party.

22.     **Warranty Of Authority.**  Each of the undersigned individuals represents and warrants to each of the other PARTIES and such other PARTIES' attorneys that (a) he, she or it has full right, power and authority to bind the party on behalf of which he, she or it is executing this Agreement in a representative capacity, to all of the terms of this Agreement, and that (b) no consent of any other person is required by any party to this Agreement as a condition to such party being bound by this Agreement (or that such consent has been obtained).  Authority to bind the Settlement Class is expressly conditioned on approval of the Court as required by Federal Rule of Civil Procedure 23(e).

23.     **Counterparts.**  This Agreement may be signed in counterparts and shall be binding and effective immediately upon the execution by all PARTIES of one or more counterparts.

24.     **Enforceability.**  The provisions of this Agreement are contractual in nature and not merely recitals, and shall be considered independent and severable, and if any such provision or any part thereof shall at any time be held invalid, in whole or in part, under any federal, state, county, municipal or other law, ruling or regulation, then such provision or part thereof shall remain in force and effect to the extent permitted by law, the remaining provisions of this Agreement shall also remain in full force and effect, and enforceable.

I HAVE READ THE ENTIRE CONTENTS OF THIS AGREEMENT BEFORE SIGNING IT
AND HAVE BEEN PROVIDED WITH A COPY FOR MY RECORDS.

**PLAINTIFFS**

DATED: ___10 - 25 -___, 2011

Plaintiff Santeya Danyell Williams

DATED: ___10-25___, 2011

Plaintiff Mary Ruth Scott

DATED: ___10 -25 -___, 2011

Plaintiff Karen Latreece Coleman

DATED: ___10 - 25___, 2011

Plaintiff Priscilla Bunton

DATED: ___10-25 2011___, 2011

Plaintiff Alyce Denise Payne

**DEFENDANT**

DATED: ___11/17___, 2011

Defendant City of Antioch

**APPROVED AS TO FORM:**

DATED: ___10/28___, 2011

The Impact Fund
Brad Seligman, Esq.
Attorneys for Plaintiffs and the Certified Class

DATED: ___11/17___, 2011

McNamara, Ney, Beatty, Slattery, Borges &
Ambacher LLP
James V. Fitzgerald, III
Attorneys for Defendant

SETTLEMENT AGREEMENT SUBJECT TO COURT APPROVAL
WILLIAMS V. CITY OF ANTIOCH, ET AL. C08-2301 SBA

1    *(Counsel listed on next page)*

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6

7   SANTEYA DANYELL WILLIAMS, MARY       No. C-08-2301 SBA
    RUTH SCOTT, KAREN LATREECE
8   COLEMAN, PRISCILLA BUNTON, and     **[PROPOSED] JUDGMENT**
    ALYCE DENISE PAYNE, on behalf of
9   themselves and all others similarly situated,

10           Plaintiffs,

11       v.

12   CITY OF ANTIOCH,

13           Defendant.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2  Impact Fund
   BRAD SELIGMAN (SBN 083838)
3  bseligman@impactfund.org
   JOCELYN D. LARKIN (SBN 110817)
4  125 University Avenue, Suite 102
   Berkeley, CA  94710
5  Telephone:  510.845.3473
   Facsimile:  510.845.3654
6
   Bingham McCutchen LLP
7  FRANK B. KENNAMER (SBN 157844)
   Three Embarcadero Center
8  San Francisco, CA  94111
   Telephone:  415.393.2000
9  Facsimile:  415.393.2286

10  Lawyers' Committee For Civil Rights
    of the San Francisco Bay Area
11  OREN M. SELLSTROM (SBN 161074)
    131 Steuart Street, Suite 400
12  San Francisco, CA  94105
    Telephone:  415.543.9444
13
    American Civil Liberties Union
14  Foundation of Northern California
    ALAN  L. SCHLOSSER (SBN 49957)
15  39 Drumm Street
    San Francisco, CA  94111
16  Telephone:  415.621.2493

17  Public Advocates, Inc.
    RICHARD A. MARCANTONIO (SBN 139619)
18  131 Steuart Street, Suite 300
    San Francisco, CA  94105
19  Telephone:  415.431.7430

20  Covington & Burling LLP
    HAYWOOD S. GILLIAM, JR. (SBN 172732)
21  hgilliam@cov.com
    One Front Street
22  San Francisco, CA  94111
    Telephone:  415.591.6000
23  Facsimile:  415.591.6091

24  Attorneys for Plaintiffs and Certified Class

25

26

27

28

McNamara, Ney, Beatty, Slattery,
Borges & Ambacher
THOMAS G. BEATTY (SBN 75794)
JAMES V. FITZGERALD, III (SBN
55632)
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA  94596
Telephone:  925.939.5530
Facsimile:  925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

1

NO.: C-08-2301 SBA

[PROPOSED] JUDGMENT

WHEREAS, on _____, 2011, this Court granted preliminary approval of a

settlement of this action, embodied in the Settlement Agreement, attached as Exhibit 1 to this

Court's _____, 2011 Order Granting Preliminary Approval of Settlement;

WHEREAS, on _____, 2011, the Court granted final approval of the settlement,

finding that the settlement is fair, reasonable and adequate within the meaning of Fed. R. Civ. P.

23(e) and applicable law;

WHEREAS, the Court has found that the notice sent to the Class Members fairly and

adequately informed the Class of the terms of the settlement, was consistent with Fed. R. Civ. P.

23(e) and due process, and was given in the manner prescribed by the Settlement Agreement and

the Court's order preliminarily approving the settlement:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.     In accordance with the Settlement Agreement, attached as Exhibit 1 to the

_____, 2011, Order Granting Preliminary Approval of Settlement, this Court hereby enters

final judgment in this action, and dismisses this action with prejudice.

**2.**     The Court retains jurisdiction to enforce the settlement for three years following

the entry of the Final Approval Order.  The Court appoints Magistrate Judge Corley under Fed.

R. Civ. P. 53 to act as a Magistrate Judge to consider claims of violations of the Agreement.

**IT IS SO ORDERED**

Dated this _____ day of _____, 2011.


_____
Hon. Sandra Brown Armstrong
United States District Court, Northern District of California

1    *(Counsel listed on next page)*

2

3

4                UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7  SANTEYA DANYELL WILLIAMS, MARY      No. C-08-2301 SBA
   RUTH SCOTT, KAREN LATREECE
8  COLEMAN, PRISCILLA BUNTON, and     **[PROPOSED] ORDER RE JOINT**
   ALYCE DENISE PAYNE, on behalf of      **NOTICE OF MOTION AND MOTION**
9  themselves and all others similarly situated,   **FOR ORDER:**

10              Plaintiffs,       **(1) GRANTING PRELIMINARY**
                    **APPROVAL OF SETTLEMENT;**
11       v.

12  CITY OF ANTIOCH,           **(2) APPROVING CLASS NOTICE AND**
                    **RELATED MATERIALS; AND**
             Defendant.
13

14                      **(3) SCHEDULING FAIRNESS AND**
                     **FINAL APPROVAL HEARING**
15

16                      Date: _____, 2011
                     Time: _____ __.m.
17                      Courtroom: The Hon. Sandra Brown
                     Armstrong
18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT**

1

Impact Fund
2  BRAD SELIGMAN (SBN 083838)
bseligman@impactfund.org
3  JOCELYN D. LARKIN (SBN 110817)
125 University Avenue, Suite 102
4  Berkeley, CA  94710
Telephone:  510.845.3473
5  Facsimile:  510.845.3654

6  Bingham McCutchen LLP
FRANK B. KENNAMER (SBN 157844)
7  Three Embarcadero Center
San Francisco, CA  94111
8  Telephone:  415.393.2000
Facsimile:  415.393.2286
9
Lawyers' Committee For Civil Rights
10  of the San Francisco Bay Area
OREN M. SELLSTROM (SBN 161074)
11  131 Steuart Street, Suite 400
San Francisco, CA  94105
12  Telephone:  415.543.9444

13
American Civil Liberties Union
14  Foundation of Northern California
ALAN  L. SCHLOSSER (SBN 49957)
15  39 Drumm Street
San Francisco, CA  94111
16  Telephone:  415.621.2493

17  Public Advocates, Inc.
RICHARD A. MARCANTONIO (SBN 139619)
18  131 Steuart Street, Suite 300
San Francisco, CA  94105
19  Telephone:  415.431.7430

20  Covington & Burling LLP
HAYWOOD S. GILLIAM, JR. (SBN 172732)
21  hgilliam@cov.com
One Front Street
22  San Francisco, CA  94111
Telephone:  415.591.6000
23  Facsimile:  415.591.6091

24  Attorneys for Plaintiffs and Certified Class

25

26

27

28

McNamara, Ney, Beatty, Slattery,
Borges & Ambacher
THOMAS G. BEATTY (SBN 75794)
JAMES V. FITZGERALD, III (SBN 55632)
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA  94596
Telephone:  925.939.5530
Facsimile:  925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

1

**[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT**

The parties have conditionally agreed to a proposed settlement. It appears to the Court that the proposed Settlement Agreement is the result of arm's length negotiations between the parties with the assistance of a third-party neutral mediator. After reviewing the terms of the proposed settlement in the context of the record in this action and the controlling legal authority, the Court finds that the proposed Settlement Agreement is sufficiently fair, reasonable, adequate, and consistent with relevant state and federal law, to warrant notice thereof to Class members and a full hearing thereon.

**IT IS THEREFORE ORDERED THAT:**

1.      The Settlement Agreement attached hereto as Exhibit A hereto is hereby preliminarily approved. Final approval and entry of the Settlement Agreement is subject to the hearing of any objections to the Settlement.

2.      Pending the determination of the fairness of the Settlement Agreement, all further litigation of the case is stayed.

3.      The Notice of Settlement attached hereto as Exhibit B is approved and shall be distributed to the class in accordance with the notice plan as set forth in Section 9 of the Settlement Agreement, entitled "Notice to Class."  All written objections must be received by class counsel no later than ten days before the fairness hearing, and filed with the court by class counsel no later than seven days before the fairness hearing.

4.      A Fairness Hearing for Final Approval of the Settlement shall be set for _____2011 at ____.m. in this Courtroom. Not less than seven (7) days prior to the Final Approval Hearing, Class Counsel will submit their Request For Final Approval of the

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT

1    Settlement.

2

3    **IT IS SO ORDERED**

4

5

6    Dated this _____ day of _____, 2011.

7

8

9                                    _____
                                     Hon. Sandra Brown Armstrong
10                                   United States District Court, Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENT

1     *(Counsel listed on next page)*

2

3

4                 UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7   SANTEYA DANYELL WILLIAMS, MARY         No. C-08-2301 SBA
    RUTH SCOTT, KAREN LATREECE
8   COLEMAN, PRISCILLA BUNTON, and       **[PROPOSED] ORDER GRANTING**
    ALYCE DENISE PAYNE, on behalf of         **FINAL APPROVAL OF SETTLEMENT**
9   themselves and all others similarly situated,

10            Plaintiffs,               Date: _____, 2011
       v.                          Time: _____ __.m.
11                                    Courtroom: The Hon. Sandra Brown
    CITY OF ANTIOCH,                  Armstrong
12

           Defendant.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Impact Fund
2   BRAD SELIGMAN (SBN 083838)
    bseligman@impactfund.org
3   JOCELYN D. LARKIN (SBN 110817)
    125 University Avenue, Suite 102
4   Berkeley, CA  94710
    Telephone:  510.845.3473
5   Facsimile:  510.845.3654

6   Bingham McCutchen LLP
    FRANK B. KENNAMER (SBN 157844)
7   Three Embarcadero Center
    San Francisco, CA  94111
8   Telephone:  415.393.2000
    Facsimile:  415.393.2286
9

    Lawyers' Committee For Civil Rights
10  of the San Francisco Bay Area
    OREN M. SELLSTROM (SBN 161074)
11  131 Steuart Street, Suite 400
    San Francisco, CA  94105
12  Telephone:  415.543.9444

13
    American Civil Liberties Union
14  Foundation of Northern California
    ALAN  L. SCHLOSSER (SBN 49957)
15  39 Drumm Street
    San Francisco, CA  94111
16  Telephone:  415.621.2493

17  Public Advocates, Inc.
    RICHARD A. MARCANTONIO (SBN 139619)
18  131 Steuart Street, Suite 300
    San Francisco, CA  94105
19  Telephone:  415.431.7430

20  Covington & Burling LLP
    HAYWOOD S. GILLIAM, JR. (SBN 172732)
21  hgilliam@cov.com
    One Front Street
22  San Francisco, CA  94111
    Telephone:  415.591.6000
23  Facsimile:  415.591.6091

24  Attorneys for Plaintiffs and Certified Class

25

26

27

28

McNamara, Ney, Beatty, Slattery,
Borges & Ambacher LLP
THOMAS G. BEATTY (SBN 75794)
JAMES V. FITZGERALD, III (SBN
55632)
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA  94596
Telephone:  925.939.5530
Facsimile:  925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

1

[PROPOSED] ORDER RE FINAL APPROVAL OF SETTLEMENT

1

2          The parties have made an unopposed application for final approval of the Settlement

3   Agreement which this Court preliminarily approved on _____, 2011.  The Court has read and

4   carefully considered the Agreement and the exhibits appended thereto (attached hereto as Exhibit

5   1), as well as the briefs and arguments of counsel.

6

7   **IT IS THEREFORE ORDERED THAT:**

8          1.      This Court has jurisdiction over the subject matter of this action and all matters

9   relating thereto, and over all parties to this action.

10         2.      The Notice given to class members pursuant to this Court's Order Granting

11  Preliminary Approval constituted the best notice practicable under the circumstances, was

12  accomplished in all material respects, and fully met the requirements of Fed. R. Civ. P. 23(e) and

13  due process.

14

15         3.      Pursuant to Fed. R. Civ. P. 23(e), this Court grants final approval to the

16  Settlement Agreement and the settlement set forth therein, and orders the parties to implement,

17  and comply with, its terms. The Court finds that the Settlement is fair, reasonable, and adequate

18  in all respects. The Court specifically finds that settlement is rationally related to the strength of

19  plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This

20  Court also finds that the Settlement Agreement is the result of arms'-length negotiation between

21  experienced counsel representing the interests of the class and defendants, after thorough factual

22  and legal investigation.  There was no finding of intentional discrimination in this lawsuit.

23

24         4.      This action is hereby dismissed with prejudice, each party to bear its own

25  attorneys' fees and costs, except as provided by the Agreement and the Court's orders.

26

27

28

**[PROPOSED] ORDER RE FINAL APPROVAL OF SETTLEMENT**

5.      The Court retains jurisdiction to enforce this Agreement for three years following the entry of this Final Approval Order.  The Court appoints Magistrate Judge Corley under Fed. R. Civ. P. 53 to act as a Magistrate Judge to consider claims of violations of the Agreement.

**IT IS SO ORDERED**

Dated this _____ day of _____, 2011.

_____
Hon. Sandra Brown Armstrong
United States District Court, Northern District of California

NO.: C-08-2301 SBA

[PROPOSED] ORDER RE FINAL APPROVAL OF SETTLEMENT

1 | Impact Fund
BRAD SELIGMAN (SBN 083838)
2 | bseligman@impactfund.org
JOCELYN D. LARKIN (SBN 110817)
3 | 125 University Avenue, Suite 102
Berkeley, CA 94710
4 | Telephone: 510.845.3473
Facsimile: 510.845.3654
5
Bingham McCutchen LLP
6 | FRANK B. KENNAMER (SBN 157844)
Three Embarcadero Center
7 | San Francisco, CA 94111
Telephone: 415.393.2000
8 | Facsimile: 415.393.2286

9 | Attorneys for Plaintiffs and Certified Class

10 | [Additional Counsel Listed on Page 2]

McNamara, Ney, Beatty, Slattery,
Borges & Ambacher
THOMAS G. BEATTY (SBN 75794)
JAMES V. FITZGERALD, III (SBN 55632)
1211 Newell Avenue, P.O. Box 5288
Walnut Creek, CA 94596
Telephone: 925.939.5530
Facsimile: 925.939.0203

Attorneys for Defendant
CITY OF ANTIOCH

11

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15

16 | SANTEYA DANYELL WILLIAMS, MARY
RUTH SCOTT, KAREN LATREECE
17 | COLEMAN, PRISCILLA BUNTON, and
ALYCE DENISE PAYNE, on behalf of
18 | themselves and all others similarly situated,

19 |                 Plaintiffs,
     v.
20 | CITY OF ANTIOCH,

21 |                 Defendant.

22

No. C-08-2301 SBA

**NOTICE OF PROPOSED CLASS
ACTION SETTLEMENT**

23

24

25

26

27

28

### *IMPORTANT: PLEASE READ CAFEFULLY*

**To: All African-Americans who have held or currently hold Section 8 housing vouchers in the City of Antioch:**

This Notice is being given by Order of the Court to individuals who may be members of a class of current and former African-American Section 8 households affected by the settlement of a class action lawsuit called <u>Williams, et al. v. City of Antioch, et al.</u>, Case Number C08-2301 SBA (U.S. District Court, Northern District of California).

The lawsuit claims that the City of Antioch and its Police Department discriminated against African-American Section 8 families based on their race and Section 8 status. The City of Antioch has denied all wrongdoing.  There was no finding of intentional discrimination in this lawsuit.

The District Court has scheduled a hearing to consider the settlement on _____ at _____.m. in Courtroom ___, at the United States District Court, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

This hearing is referred to as the settlement hearing or the fairness hearing.  If the district court approves this settlement, all claims by class members against the City of Antioch for injunctive relief based on claims of discriminatory policing by the Antioch Police Department will be finally resolved in accordance with the terms of the settlement.  However, the court's approval of this settlement will not affect the right of class members, other than the five named plaintiffs, to assert claims for damages against the City.

**The purpose of this notice is to inform you of:**

- **The nature of the lawsuit, and who is a member of the class;**

- **Your right to object to the settlement;**

- **A description of the terms of the proposed settlement; and**

1

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

- **How to find out more information about the proposed settlement.**

## THE LAWSUIT AND THE CLASS

The lawsuit was filed as a class action in July 2008 by five African-American women participating in the Section 8 Housing Choice Voucher program. The lawsuit claims that the City of Antioch and its Police Department discriminated against African-American Section 8 families based on their race and Section 8 status. The plaintiffs sought damages, injunctive relief, and attorneys' fees.

On September 2, 2010, the Court ruled that the claims for injunctive relief could go forward on behalf of a class defined as "all African-Americans who have held, currently hold, or may hold Section 8 housing vouchers, and all members of their households, who reside, have resided or will reside, in the City of Antioch." The Court also ruled, however, that the named plaintiffs could not seek damages on behalf of the other class members.

The Court's order designated the following lawyers to serve as counsel to the class ("Class Counsel") in this action:

Impact Fund
BRAD SELIGMAN (SBN 083838)
bseligman@impactfund.org
JOCELYN D. LARKIN (SBN 110817)
125 University Avenue, Suite 102
Berkeley, CA  94710
Telephone: 510.845.3473

American Civil Liberties Union
Foundation of Northern California
ALAN L. SCHLOSSER (SBN 49957)
39 Drumm Street
San Francisco, CA  94111
Telephone: 415.621.2493

Lawyers' Committee For Civil Rights
of the San Francisco Bay Area
OREN M. SELLSTROM (SBN 161074)
131 Steuart Street, Suite 400
San Francisco, CA  94105
Telephone: 415.543.9444

Public Advocates, Inc.
RICHARD A. MARCANTONIO (SBN 139619)
131 Steuart Street, Suite 300
San Francisco, CA  94105
Telephone: 415.431.7430

Bingham McCutchen LLP
FRANK B. KENNAMER (SBN 157844)
abigail.slonecker@bingham.com
Three Embarcadero Center

Covington & Burling LLP
HAYWOOD S. GILLIAM, JR. (SBN 172732)
hgilliam@cov.com

2

NO.: C-08-2301 SBA

| 1 | San Francisco, CA 94111 | One Front Street |
|---|---|---|

San Francisco, CA 94111
Telephone: 415.393.2000
Facsimile: 415.393.2286

2

3

One Front Street
San Francisco, CA 94111
Telephone: 415.591.6000
Facsimile: 415.591.6091

4    The Court's order appointed named plaintiffs Santeya Danyell Williams, Mary Ruth

5    Scott, Karen Latreece Coleman, Priscilla Bunton, and Alyce Denise Payne to serve as Class

6    Representatives.

7

**WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

8

9    You do not need to do anything if you are satisfied with the settlement. If you are

10   dissatisfied with any terms of the proposed settlement described below, you may comment or

11   object to the settlement.  If you wish to have your comments or objections considered at the

12   settlement fairness hearing, you must send your comments or objection in writing, on or before

13   _____ to Class Counsel and counsel for the City of Antioch at:

14

The Impact Fund                          McNamara, Ney, Beatty, Slattery, Borges & Ambacher
15                                                         Attn: James V. Fitzgerald, III
125 University Ave., Suite 102    and    1211 Newell Avenue, P.O. Box 5288
16   Berkeley, California 94710              Walnut Creek, CA 94596

17   If you do not make your objections by that date, you will lose the right to object.  Both

18   the envelope and your comments or objection should include the name of the case and the case

19   number.  If you do so comment or object, you also have the right to appear personally or through

20   an attorney at the settlement hearing to present your comments or objection to the Court.  Except

21   with special permission of the Court, you will not be permitted to object or comment at the

22   hearing if your comments or objection are not received in writing by _____.

23

24   If, after the fairness hearing, the Court rejects the settlement, it will be voided and

25   litigation of the case will continue.  However, if that happens, there is no assurance: (a) that any

26   decision at trial would be in favor of class members; (b) that a favorable trial decision, if any,

27

28

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

1    would be as favorable to the class members as this settlement; or (c) that any such favorable trial

2    decision would be upheld if any appeal was filed.

3    ## DESCRIPTION OF THE PROPOSED SETTLEMENT

4
5    The Settlement Agreement provides, in summary, that:

6    1.   The City of Antioch will not publicly identify African American Section 8 recipients

7         (except as allowed for in the next paragraph).

8    2.   APD will send copies of any communications it sends to the Housing Authority of

9         Contra Costa County regarding complaints about identified Section 8 recipients to the

10        Impact Fund for three years.

11   3.   The City of Antioch will not retaliate against the five named Plaintiffs or their family

12        members approved to live in their household by the Housing Authority.

13

14   4.   The City of Antioch will not focus on African American Section 8 recipients on either

15        the basis of their race or Section 8 status in its policing efforts, except when race is used

16        specifically to identify a suspect.

17   5.   The Plaintiffs will dismiss this case within 30 days after the Court approves the

18        settlement.

19   6.   The Court will retain jurisdiction to enforce this Agreement for three years.

20

21   7.   The City of Antioch will pay $180,000.00, to be divided equally among the five named

22        Plaintiffs.

23   8.   The City of Antioch will pay $180,000.00 for costs and attorneys' fees of Plaintiffs'

24        lawyers.

25   9.   Plaintiffs release and settle all of their claims against the City.  Class members release

26        class claims for injunctive relief but do not release any claims for damages.

27

28

1        **<u>HOW TO GET MORE INFORMATION ABOUT THE SETTLEMENT</u>**

2                If you have questions about the proposed settlement agreement, or would like to obtain a

3        copy of it, you may contact the lawyers who represent the class, at the address below:

4
                                    The Impact Fund
5                                   125 University Ave., suite 102
                                    Berkeley, California 94710
6
                                    (510)845-3473, ext. 308
7

8        There will be no charge.

9            **Do not contact the district court or the judge.**

10

11       Dated this _____ day of _____, 2011.

12

13

14                                  _____
                                    Clerk of the Court
15                                  United States District Court- Northern District of California

16

17

18

19

20

21

22

23

24

25

26

27

28